CARRINGTON, J.
The first point relied upon by the appellant’s counsel was, that the writing signed “Samuel Mathews” could not be considered as a patent, and could not transfer the right of the crown to the'lands therein described. It is certainly very informal, as it might well be expected to be at a time, when this country was in its infancy. But I am satisfied, that it possesses all the substantial parts of a grant, and that it was sufficient to convey the land. The case of Birch v. Alexander (ante vol. 1, p. 34) is expressly in point upon this question.
The next objection was to the authenticity of the paper. It has the signature of Samuel Mathews with that of W. Claiborne, who is not stated to be the clerk.
# I might be induced to suspect the authenticity of the grant, if it stood unaided by circumstances; but there are two in the case, which have weight with me. The ■first is, the length of possession which has accompanied the grant; and the 2d is that a forgery is not to be presumed, where the grant was immediately offered and admitted to record.
*The third objection made to the opinion of the District Court is, that they refused to admit the survey made in 1737, as evidence.
A private survey made by persons who were strangers to the parties in this cause, cannot upon any principle of law be evidence against either of them, though it might have been proper as between those, who were parties to the survey, or who claimed under them. The case of Sir John Bridgman v. Jennings, 1 Ld. Ray 734, which was cited by the appellant’s counsel is entirely against him. Lord Chief Justice Holt, was of opinion, that a survey made by A of two manors during his seisin of both, might after a length of time be given in evidence in a dispute about the boundaries between A, and B who had purchased one of the manors.
The case of Underhill v. Durham, in Freeman’s Rep. 509, is inapplicable, as it relates only to the copy of a survey where the original was proved to have been burnt.
Upon the whole, I am clearly of opinion, that the judgment of the District Court upon the points suggested in the bill of exceptions was right, but as there is a clerical error in entering up the judgment generally, for the lands in the declaration mentioned, instead of pursuing the verdict, it must be reversed, and corrected.
LYONS, J.
I am always sorry when constrained to differ in opinion from the rest of the court. That which has been delivered may be, and probably is agreeable to the real equity of this case, but I must decide according to my own sentiments of the law.
The first objection is to the patent. It recites a former patent for 850 acres dated in 1654, and includes 850 acres more, for which entire quantity the grant is made, it also appears, that in the year 1660, Roach assigned this patent to Hoskins, and also by a deed pole in the same year conveyed the whole of the 1700 acres to the same person. Now what necessity was there for producing the patent at all? The deed, accompanied with the length of possession was title sufficient for the appellee. But not contented with this, he insists upon the admission of the patent, and relies upon it as proof of his title. This brings me to the question, whether such evidence was proper or not?
It is a sound and well established rule of law, that the best evidence which the nature of the case admits must be produced.
*This-is a safe rule, for the security of property, and should be adhered to. Inferior evidence may be resorted to, where from the nature of the case better cannot be had.
Where it is necessary to rely upon the patent, the original must be produced if it can be had; if it cannot, a copy may be admitted. If the books in which the patent was recorded be lost, or destroyed, evidence still inferior to that may be permitted; such as a memorandum, particularly where the right has always been accompanied by possession.
The bill of exceptions states, that the appellant offered this paper as a patent whereby the lands in question were granted to Roach. Now let us examine this evidence of title; what is it? A piece of paper signed by Samuel Mathews, who is not stiled Governor in any part of it; there is no seal to it, nor is it even stated to have been sealed. It is stiled a patent in the assignment; but this did not make it.one. If the assignor had been examined as a witness, and had declared upon oath that it was a patent, it would not have been sufficient, because he could not have been a witness for himself, and the patent could not have been admitted to record upon such evidence. Much less can the party give it the effect of a patent, by naming it one in his assignment. The assignment was acknowledged and admitted to record, but this-patent, as it is called, never was. For though the clerk has officiously recorded it, yet it is not more authentic on that account, since it was not the act of the court.
Upon what ground then can I'feel satisfied as to the authenticity of this paper? The answer to all this is, that it was recorded 130 years ago, and that it has been accompanied by possession; that instead of presuming a forgery, the antiquity of the patent ought to satisfy us of its reality. There is one thing clear; which is, that as it must have the aid of presumption to support it, that presumption is completely repelled by its having been in the power of the plaintiff to produce better evidence.
If the record book could be procured, and no such patent were to be found there, the presumption would be, that no such patent was ever issued. I do not object to the authenticity of the patent; upon a suspicion that it has been forged, but because it is incumbent upon the party who produces *743 and relies upon it, to prove it authentic. The assignment does not in my opinion strengthen the proof of the reality of the patent, because it has no greater weight than the recital of one deed in ^another, which is only binding between the parties to the deed, or those claiming under it. The antiquity of the instrument, tho’ it might have its due weight, if no better evidence could be had, can have no effect when brought within that rule of law, which requires the best evidence which the nature of the case admits of to be produced. If the deed were of recent date, an inferior degree of evidence would be equally admissible, if better could not be had.
But if this had been the best evidence in the power of the appellee, I should still think, that the court erred in the opinion they gave respecting it. They ought to have suffered the evidence to have given as ground for the jury to presume a grant, leaving the weight of such evidence entirely to them ; instead of which, they determined, that the evidence was sufficient to prove, that a patent had issued.
As to the survey which was offered by the appellant, I had considerable doubts at first; but I am now satisfied that the court did right in rejecting it. It might be very dangerous, if private surveys were to be admitted as evidence of boundary, between persons not parties or privies to them. The one in question is entirely ex parte, author-ised by no judicial act whatever, and not even strengthened by notice to those persons who might be thereby affected. Neither do T think, that the recording of it can be considered even in the light of presumptive notice, because there was no person who could be regularly cited to contest it.
The recording of a paper which is not required by law to be recorded especially if no notice be given to third persons whose interests may be effected, can never be binding upon them, nor charge them even with implied notice of the fact. If in this case, there had been notice to the neigh-bours of the survey, or any other evidence tending to create a presumption of assent in the persons interested, I would in that case have left the evidence to the jury.
The PRESIDENT. — The appellant’s counsel considered the objection to the patent under two heads; the first went to the imperfection of the grant; but he after-wards relinquished that point, and of course I should not now notice it, but to observe that the court were unanimously against him.
The second branch of this objection, relates to the authenticity of the grant. I admit the rule of law as it has generally been laid down to be correct. The best evidence *which the nature of the case admits of, ought to be produced, and if it may be produced, inferior testimony is inadmissible.
But the rule as it applies in England to titles respecting land is inapplicable in this country. In that country, patents are not registered, in this they are, and copies from the registers office may as well be admitted in evidence as the originals themselves. The question then, is not whether the copy of a patent may be given in evidence, but whether a copy from the records of a County Court may? Because I take it for granted, that the paper offered in evidence by the appellee, and to which the exception is taken, comprehends the patent as well as the assignment, and proves, that both of them were admitted to record in the year 1660. Upon this point, I am clearly of opinion, that the attested copy of a patent recorded in the County Court, is equally authentic, as if, it were obtained from the records of the register’s office. The latter, is under no other controul than that of the officer of that department, whereas the former, is under the superin-tendance of a court of justice.
I admit it to be possible, that a forged bond or patent, with an assignment, might be admitted to record; but after such a length of time, and under the circumstances of this case, I cannot presume it. On the contrary, I must presume that the real patent was recorded. Neither do I think, that the court went too far in the opinion they gave respecting this evidence. They did not determine that the evidence was sufficient to establish the grant but they over-ruled the objection of the appellant taken to the admission of the evidence.
The next question respects the survey which was offered on the part of the defendant. The exception is not to the authenticity of the survey, for if it were, and no other objection appeared to it I should consider the evidence as being proper. But it is objected, that it is inadmissible evidence as between those who were strangers to it. The case of Sir John Bridgman v. Jennings, is a compleat authority in support of the opinion of the District Court, and it stands unopposed by any other adjudged case within my recollection. This survey was certainly improper evidence to establish the boundaries of the land in question, and therefore ought not to have been left to the jury. Illegal, or improper evidence, however unimportant it may be to the cause, ought never to be confided to the jury; for if it should have an influence upon their minds, it will mislead them; and if it should have none, it is useless and may at least produce perplexity. Although the acknowledgment, of *the acts of a party may be evidence against him, yet it can never under any circumstances be used in his favor.
A majority of the court being of opinion, that the error in the judgment in not pursuing the verdict, cannot be considered as a misprision of the clerk, the judgment must be reversed with costs, and entered for so much of the land with the appurtenances in the declaration mentioned, as shall be comprehended within the marks and lines described by the jurors in their verdict, together with the damages arid costs &c.
EVIDENCE.
I.Scope of Note.
TI. Judicial Notice.
A. General Rule.
B. Subjects of Judicial Notice.
1. Census and. Population of County.
2. Courts, Court Officers, Seals and Signatures.
3. Domestic Animals.
*744 4. Elections.
5. Intoxicating Liquors.
6. Historical Events,
a.Matters of General History.
7. Laws and Statutes.
a. Public Acts.
b. Private Acts.
c. Ordinances.
d. Constitutional Provisions.
e. Custom of Merchants.
f. Foreign Laws.
8. Mortality Tables.
9. Orders or Decrees of Foreign Courts.
10. Places within County.
11. Privilege of Member of Assembly.
12. Railroads.
III. Presumptions.
A. In Criminal Cases.
B. Presumption as to Life and Death.
C. Nonproduction of Evidence.
1.withholding Evidence.
a.Failure to Examine Witness.
D. Presumption of Performance of Official Duty.
1.Levy of Execution before Return Day.
E. Regularity in Judicial Proceedings.
F. Delivery of Instruments.
G. Status of Individuals.
1.Slavery.
H. Presumption of Grant from Twenty Years' Adverse Possession.
I. Knowledge of Usage.
J. Presumption of Fraud.
K. Presumption of Payment.
L. Presumption of Sanity.
M. Other Matters Presumed.
1. Discharge of Public Rights by State.
2. Acknowledgment of Correctness of Account.
3. Currency in Which Bond Is to Be Paid.
4. Chastity.
5. Legitimacy of Children.
IV. Cumulative Evidence.
V.Circumstantial Evidence in Criminal Cases.
VI. Relevancy.
A.In General.
-B. Collateral Facts.
1. In General.
2. Threats.
3. Motive or Intent.
C. Res Inter Alios Acta.
1. In General.
2. Habit.
D. Character.
E. Wealth of Parties.
F. Illegal or Improper Evidence.
VII. Hearsay Evidence.
A. Definition.
B. General Rule as to Admissibility of Hearsay Evidence.
1. Self-Serving Declarations.
2. Declarations by Third Persons.
3. General Reputation.
4. Market Quotations.
C. Exceptions to General Rule. .
1. Pedigree.
a.Family Bible.
2. Declarations as to Boundaries.
a. In General.
b. Reasons of Rule.
c. Declarations of Former Owner.
d. Declarations of Chain-Carrier.
e. Declarations of Surveyor.
3. Declarations against Interest.
4. Evidence on Former Trial.
a. Criminal Cases.
b. Civil Cases.
5. Hearsay in Corroboration of Testimony.
6. Declarations Relative to Possession.
VIII. Burden of Proof.
A. Statement of General Rule.
B. Presumptions.
C. Proving a Negative.
D. Alibi.
IX. Best and Secondary Evidence.
A. Statement of General Rule.
B. Private Documents.
1. Production of Original Document.
a. General Rule.
b. Exception to General Rule.
c. Excuses for Nonproduction of Original.
(1) In General.
(2) Loss or Destruction of Original.
(3) Original Out of Jurisdiction.
(a)In Possession of Nonresident.
(4) Refusal to Produce Original on Notice.
2. Statutory Provisions.
3. Effect of Error in Admitting Secondary Evidence.
4. Objections in Appellate Court.
C. Public Documents.
1. Copies of Records.
a. Rule at Common Law.
b. Rule by Statute.
c. Abstracts.
2. Copies of Patents, Surveys and Deeds.
3. Copies of Statutes.
D. Production of Original Inconvenient.
E. Degrees of Secondary Evidence.
X.Real Evidence.
XI. Evidence Excluded from Public Policy.
A. Attorney and Client — Privileged Communications.
B. Proceedings of Grand Juries.
C. Proceedings of Petit Juries.
XII. Admissions.
A. Parties to the Record.
1. Admissions by Administrators.
B. Privies.
1. Declarations in Disparagement of Title.
a. In General.
b. Declarations of Grantor before Conveyance.
c. Declarations of Grantor after Conveyance.
d. Declarations of Former Owner of Chattels.
(1) To Defeat Vendee’s Title.
(a) In General.
(b) Declarations before Conveyance.
(c) Declarations after Conveyance.
(2) To Support Vendee’s Title.
e. Declarations of Donor after Gift.
f. Declarations of Assured before or after
Issuance of Policy.
g. Declarations of Assignor after Assignment.
C. Declarations of Agents.
1. In General.
2. Declarations of Agent to Prove Agency.
D. Husband and Wife.
1. Statement of General Rule.
E. Principal Obligor against Surety.
F. Parties Jointly Interested.
1. In General.
2. Devisees.
3. 'Heirs.
4. Trustee and Cestui Que Trust.
5. Partners.
6. Co-conspirators.
a. In General.
b. Admissions after Conspiracy Completed.
7. Strangers.
G. What Admissions Are Receivable.
1. Admissions for Sake of Compromise.
2. Judicial Admissions.
H. Proof.
*745 XUl Parol Evidence.
A. Statement of General Rule.
1. At Law.
2. In Equity.
3. Records.
4. Negotiable Instruments.
5. Leases.
B. Exceptions to General Rule.
1. Receipts.
2. Collateral Facts and Circumstances.
3. Additional Independent Facts,
4. Resulting Trusts.
5. Late of Delivery of Deed.
6. Delivery upon Condition.
7. Evidence to Prove Subsequent Agreements.
8. Evidence of Consideration.
0, Effect of Rule on Third Parties.
.D. Admissibility of Parol Evidence to Aid Interpretation.
1. Ambiguities.
a. Patent Ambiguity.
(1) General Rule.
(2) Evidence of Surrounding Circumstances.
(3) Verbal Declarations of Parties.
b. Latent Ambiguity.
2. Evidence of Purpose and Intention.
a. Nlerger of Simple Contract.
b. Advancements.
c. Medium of Payment — Confederate Notes.
8. Evidence to Show Relation of Parties.
a. Principal and Agent.
b. Relation of Surety and Cosurety.
c. Relation of Creditor and Debtor.
d. Makers and Endorsers.
4. Evidence of Custom and Usage.
5. Evidence to Show Construction by Parties.
E. Admissibility of Parol Evidence in Other Instances.
1.Matters Litigated in Former Suit.
% Reservations.
3. Certificate of Acknowledgment of Married Woman.
4. Location of Survey.
XIV. Documentary Evidence.
A. Public Documents.
1. Books.
a. Books of Private Corporation.
2/ Certificates of Public Officers.
3. Laws and Statutes.
15. Private Documents.
1. Letters.
2. Maps and Surveys.
3. Books of Account.
4. Partnership Books.
5. Book of Bank Teller.
6. Compelling Production of Documents.
XV. Province of Judge and Jury.
A. Province of Judge.
1. Admissibility of Evidence.
B. Province of Jury.
1. Weight of Evidence.
Cross References to Monographic Notes.
Bonds, appended to Ward v. Churn, 18 Gratt. 801.
Confessions, appended to Schwartz v. Com., 2 Gratt. 1025.
Consideration, appended to Jones v. Obenchain, 10 Gratt. 259.
Deeds, appended to Fiott v. Com.. 12 Gratt. 564.
Depositions, appended to Field v. Brown. 21 Gratt. 74.
Dying Declarations, appended to Jackson v. Com.. 19 Gratt. 056.
Expert and Opinion Evidence.
Frauds, Statute'of, appended to Beale v. Digges, 6 Gratt. 582.
Homicide, appended to Souther v. Com., 7 Gratt. 073.
Insurance, Fire and Marine, appended to Mutual, etc., Soc. v. Holt, 29 Gratt. 612.
Mortgages, appended to Forkner v. Stuart, 6 Gratt. 197.
Payment.
Res Gestae, appended to Jordan v. Com., 25 Gratt. 943.
Witnesses, appended to Claiborne v. Parrish, 2 Wash. 146.
1. SCOPE OF NOTE.
In a few instances, as will be seen by the table of cross references, it was seen lit to treat certain subjects of evidence in separate notes. Except, however, where this has been done, it is the purpose of this note to embrace, in a general way, the whole subject of evidence, and to omit from discussion only such points of evidence as come more properly within the purview of the particular subject in connection with which they arise. For example, under the head of “Deeds” will be found discussed all such matters of evidence as have arisen in connection withthatsubject, and, consequently they are omitted from this note. Reference, therefore, is made to the table of cross references and the various titles throughout this series for the precise scope of this note.
II. JUDICIAL NOTICE.
A. GENERAL RULE. — Facts which are so generally known that every well-informed person knows them or ought to know them, will be judicially recognized without proof. Richmond, etc.. Ry. Go. v. Richmond, etc-, R. Co., 96 Va. 670, 32 S. E. Rep. 787 ; Hart v. Baltimore, etc., R. R. Go., 6 W. Va. 339.
B. SUBJECTS OF JUDICIAL NOTICE.
1. CjbNsus and Population op County. — Judicial notice will be taken of the population of a county as established by the last United States census. Welch v. County Court, 29 W. Va. 63, 1 S. E. Rep. 337.
2. Courts, Court Officers, Sealst and Signatures.
Courts of Sister States. — The supreme court of West Virginia will take judicial notice that the corporation court of Lynchburg, Va., is a court of record, and will consult the Virginia Code or other law book to impart to it information, under á 4, ch. 13, W. Va. Code. Heffernan v. Harvey. 41 W. Va. 766, 24 S. E. Rep. 593.
Clerk of Court. — And a court will take official notice of who is its clerk. Cent. Land. Co. v. Calhoun, 16 W- Va. 363.
Seal of State — Signature of Heads of Departments.— So also, it is a rule of evidence that the courts of a state take judicial notice of its seals, and of the signature of the heads of departments. Com. v. Dunlop, 89 Va. 431, 16 S. E. Rep. 273 ; Va. Code 1887. ch. 164, § 3332 ; W. Va. Code, ch. 130, § 3.
3. Domestic Animals.
That Hules Are Domestic Animals. — It was held in State v. Gould. 26 W. Va. 259. that the court will take judicial notice that mules are domestic animals.
4. ELECTIONS.
Local Option Election. — An indictment for violation of Acts Va. 1885-86. p. 259, § 5, forbidding the sale of intoxicating liquors within any magisterial district voting against license, need not allege that the magisterial district in which the offense occurred had voted against license, since the court will take judicial notice of such a vote. Savage’s Case, 84 Va. 582. 5 S. E. Rep. 563; Thomas v. Com., 90 Va. 92, 17 S. E. Rep. 788; Hargreave v. Com., 2 Va. Dec. 139.
5. Intoxicating liquors.
Effect of Apple Brandy. — A court will take judicial *746 notice that apple brandy is intoxicating-. Thomas v. Com., 90 Va. 92, 1? S. E. Hep. 788.
6. Historical Events.

a.Mattel's of General History.

Facts Concerning Confederate Currency. — Courts should take judicial notice of such facts as are matters of general history, affecting the whole people, such as the pendency at a particular time, of the late war; that Confederate notes were issued early in the war by the Confederate government, and these notes in a short time became almost the exclusive currency of the Confederate states, that during the first year of the war these notes were but slightly depreciated and were then received throughout the Confederate states in the payments of the debts, and all the channels of trade, without doubt or question ; but these notes were never made a legal tender in the payment of debts, by an act of Confederate congress ; that a particular county, at a particular time, was defacto within, or without the jurisdiction of West Virginia. Simmons v. Trumbo, 9 W. Va. 358 ; Hix v. Hix, 25 W. Va. 481; Hale v. Wall, 22 Gratt. 428. See Gregory v. Baugh, 4 Rand. 611.
The fact that Confederate states notes was the only currency in circulation in Virginia in March 1868, is so notorious, that it may be taken notice of judicially by the courts, as a matter of current public history. Walker v. Page, 21 Gratt. 636; Crockett v. Sexton, 29 Gratt. 57.
Safety of Person. — But the court should not take judicial notice of such facts as are not matters of general history, such as that a person entertaining certain political views was not safe in his person or property, in some particular county at a particular time. Simmons v. Trumbo, 9 W. Va. 359.
nilitary Orders and Occupation. — And the court cannot take judicial notice of the military orders extending the time for a staj7- of execution on judgments. Johnston v. Wilson, 29 Gratt. 379.
Military Occupation. — On the other hand, the court will take judicial notice of. the fact, that Greenbrier county was within the Confederate lines during the war, and that Confederate money was the currency of the county. Hix v. Hix, 25 W. Va. 481.
And that the county of Kanawha in January, 1865, was within the lines of the federal army. Dryden v. Stephens, 19 W. Va. 2.
Also, Richmond and Mercer county are judicially known to the court not to be in territories, which were hostile to each other during the war. Kent v. Chapman, 18 W. Va. 485.
7. Daws and Statutes.
a. Public Acts — The courts take judicial notice of all public laws or acts of the Degislature of the state, and they need not be proven. Hart v. B. & O. R. R. Co., 6 W. Va. 338; Blankenship v. Chesapeake, etc., R. Co., 94 Va. 449,27 S. E. Rep. 20.
Acts Incorporating Banks. — Thus, it has been held in several cases that acts of the legislature incorporating banks are public acts, of which the courts will take judicial notice; and in an action by the bank it is not required to prove its incorporation. Stribblingy. Bank of the Valley, 5 Rand. 132; Hays v. Northwestern Bank, 9 Gratt. 127; Farmers’ Bank v. Willis, 7 W. Va. 31; Northwestern Bankv. Machir, 18 W. Va. 271.
Acts Incorporating Railroads. — So also, it has been held that the statutes of a state, creating railroad corporations, or licensing and authorizing them to exercise their franchises within the state, are public acts, of which the courts of the state will take judicial notice, without proof. Hart v. Baltimore, etc., R. R. Co., 6 W. Va. 338; State v. B. & O. R. R. Co., 15 W. Va. 363; Douglass v. Kanawha, etc., R. Co., 44 W. Va. 267, 28 S. E. Rep. 705; Baltimore, etc., R. R. Co. v. Sherman, 30 Gratt. 602.
Acts Incorporating Cities, Towns or Villages. — It was held in Beasley v. Town of Beckley, 28 W. Va. 81, that when in any judicial proceeding in West Virginia it becomes material to inquire whether a certain city, town or village has been incorporated, or within what county the same is situated, the court, judge or justice, before whom the same is pending, will take judicial notice of the acts of the legislature incorporating the same and of the county within which the same is situated.
Public Acts of Congress — The courts of the several states take judicial notice of all public acts of congress, including those which relate exclusively to the District of Columbia, without any formal proof. Bayly v. Chubb, 16Gratt. 284; Bird v. Com., 21 Gratt. 800.
b. Private Acts. — On the other hand, courts will not take judicial notice of private laws or acts of the legislature, but they must be proven when in issue. Hart v. Baltimore, etc., R. Co., 6 W. Va. 338.
Though private acts of the Virginia Assembly may be given in evidence, without being specially pleaded, they are not tobe taken notice of judicially. by the court, as public acts are, but must be exhibited, as documents, if not admitted by consent of parties. Legrand v. Hampden Sidney College, 5 Munf. 324.
Statutory Rule — Appellate Court. — But the statutes provide that an appellate court shall take judicial notice of all such acts and resolutions of the legislature, though local and private, as appear to have been relied on in the court below. Va. Code 1887, ch. 164, §3328; W. Va. Code, ch. 130, % 1; Somerville v. Wimbish, 7 Gratt. 205; Hart v. Baltimore, etc., R. R. Co., 6 W. Va. 338: Groves v. County Court, 42 W. Va. 587, 26 S. E. Rep. 460..
What Are Public .and Private Laws. — A private law is one which relates to private matters which do not concern the public at large, and a public law is one which affects the public, either generally or in some classes. Hartv. Baltimore, etc., R. R. Co., 6 W. Va. 338.
c. Ordinances — Courts of a municipal corporation will take judicial notice of its ordinances without allegation or proof of their existence. Town of Moundsville v. Velton, 35 W. Va. 217, 13 S. E. Rep. 373 ; Wheeling v. Black, 25 W. Va. 266.
d. Constitutional Provisions.— The supreme court may take judicial notice of the fact that a board of supervisors, which is a party to an appeal pending in that court, has since the taking of the appeal, been extinguished by the adoption of a new constitution. Board of Supervisors v. Livesay, 6 W. Va. 44.
e. Custom of Merchants. — A. custom of merchants, when first brought into court, is a matter of fact, and merchants are examined to prove what it is, but when legal decisions are once made upon it, it becomes the law of the land, of which all parties and courts are to take notice without stating it. Branch v. Burnley, 1 Call 147.
f. Foreign Laws. — Courts, however, do not take judicial notice of the laws of other states. Such laws are facts to be proved as other facts. The usual and better, if not the only manner, of proving laws of a foreign state, when they are statutory, is by introducing in evidence a properly authenticated copy of the statute, or so much of it as is necessary to show what the foreign law is on the point in controversy. Union Cent. Life Ins. Co. v. Pollard, 94 Va. 146, 26 S. E. Rep. 421, 64 Am. St. Rep. 715.
Usury Laws of Another State. — For example, the courts of one state are not bound to take judicial cognizance of the usury laws of another state ; and *747 one who sets up the usurious, and therefore void, nature of a contract made in another state must also show what are the usury laws of such other state. Klinck v. Price, 4 W. Va. 4, 6 Am. Rep. 268.
Statutory Rule. — But under ch. 13, § 4, of the W. Va. Code, courts take judicial notice, without proof, of the law of another state, and in so doing- may consult any hook purporting- to contain, state, or explain the same, and consider any testimony, information, or argument offered on the subject. Wilson v. Phoenix Powder Mig. Co., 40 W. Va. 413. 21 S. E. Rep. 1035 ; Singer Mfg. Co. y. Bennett, 28 W. Va. 16 : State v. Goodrich. 14 W. Va. 842.
8. Mortality Tables. — Courts may take judicial notice of mortality tables, though not offered in evidence. Abell v. Penn Mutual Rife Ins. Co.. 18 W. Va. 402.
0. Orders or Degrees op Foreign Courts.— Where a court of competent jurisdiction in one of the United States has by its final order or decree passed upon and confirmed the accounts of an executor, administrator, or other fiduciary, the courts of West Virginia will take judicial notice of the effect of such order or decree in any judicial proceeding in that state affecting the validity of the same. Shriver v. Garrison, 30 W. Va. 456, 4 S. 14. Rep. 660.
10. Peaces within County. — The Supreme Court of West Virginia will take judicial notice that the city oi Wheeling is the county seat of, and is within, Ohio county. Seihright v. State, 2 W. Va. 591.
11. Privilege of Member of Assembly. — But the privilege of a member of Assembly, cannot be noticed by the courts l'ü officio. As it may be waived, it must be claimed. And it can only be claimed by plea, or on motion tendered, or made at the proper period. Prentis v. Com., 5 Rand. 697, 16 Am. Dec. 782.
12. Railroads.
Incorporation.— In some cases the courts have taken judicial notice that a railroad company is a corporation. Baltimore, etc., R. R. Co. v. Sherman, 30 Gratt. 602; Hart v. Baltimore, etc., R. Co., 6 W. Va. 338 ; State v. Baltimore, etc., R. R. Co., 15 W. Va. 363 ,• Douglass v. Kanawha, etc., Ry. Co., 44 W. Va. 267, 28 S. E. Rep. 703.
Gates and Flagman at Railroad Crossing. — Courts will take judicial notice that the maintenance of gates and a fiagman at a crossing of the tracks of a railroad and a street railway on a city street diminishes the danger of accidents. Richmond, etc., Ry. Co. v. Richmond, etc., R. Co . 96 Va. 670. 32 S. E. Rep. 787.
Sources of Information. — And the courts may, with propriety, look to the vast number of adjudged cases upon the .subject of railroad crossings, and the treatises of text-writers to ascertain that such devices are resorted to to prevent accidents, and are regarded as useful and beneficial contrivances. Richmond, etc., Ry. Co. v. Richmond, etc., R. Co., 96 Va. 670. 32 S. E. Rep. 787.
Eminent Domain. — But the court will not take judicial notice, that a railroad company, under its charter, condemned or acquired title to any particular land, or strip of land. Chapman v. Pittsburgh & S. R. Co., 18 W. Va. 185.
III. PRESUMPTIONS.
A. IN CRIMINAD CASES.
Innocence. — In all criminal proceedings, the prisoner is presumed to be innocent until his guilt is established beyond a reasonable doubt. McBride v. Com., 95 Va. 818. 30 S. E. Rep. 454; Longley v. Com., 99 Va. 807, 37 S. E. Rep. 339; Davis v. Com., 99 Va. 868, 39 S. E. Rep. 585; Wadley v. Com., 98 Va. 803, 35 S. E. Rep. 452.
Malice. — But malice may be presumed from the deliberate use of a deadly weapon in the previous possession of the slayer. Com. v. Brown, 90 Va. 671, 19 S. E. Rep. 447; Hall v. Com., 89 Va. 171, 15 S. E. Rep. 517; Murphy v. Com.', 23 Gratt. 960; Hill v. Com., 2 Gratt. 594, and note. See monographic note on “Homicide” appended to Souther v. Com., 7 Gratt. 673.
Attempts of Accused, to Escape. — Where a party charged with or in custody for a crime which he is alleged to have committed, attempts to escape, or to evade the threatened prosecution, it becomes one of a series of circumstances from which guilt may be inferred. State v. Koontz, 31 W. Va. 127, 5 S. E. Rep. 328; Dean v. Com., 4 Gratt. 541. See Williams v. Com., 85 Va. 607, 8S. E. Rep. 470.
Possession of Goods Recently Stolen. — And it is well settled that the exclusive possession of goods recently stolen, raises a presumption of fact that the possessor is the thief, and in order to repel the presumption, it is incumbent on him, when called on for the purpose, to account for such possession consistently with iiis innocence. Price v. Com.. 21 Gratt. 847; Taliaferro v. Com., 77 Va. 411; Porter-field v. Com., 91 Va. 801, 22 S. 14. Rep. 352; Walker v. Com., 28 Gratt. 969.
Burglary. — But it has never been decided in Virginia that such possession is even prima facie evidence of guilt in cases of burglary and housebreaking. Taliaferro v. Com., 77 Va. 411. The question was discussed, but not decided in Walker’s Case, 28 Gratt. 969.
Burglary — Exclusive Possession of Stolen Property. —But it has been held that though the mere possession of the stolen property might not be prima facie evidence of the burglary charged in the indictment, yet, in connection with other evidence of such burglary, evidence of exclusive possession of the stolen property is admissible. Wright v. Com., 82 Va. 183, ciiinn and approving Walker's Case, 28 Gratt. 969. This court distinguished Walker’s Case, 28 Gratt 969, from Taliaferro's Case, 77 Va. 411, on the ground that the possession of the stolen property by the accused in the latter case was not exclusive.
Nature of Presumption. — The presumption of guilt arising from the unexplained possession of the fruits of crime, recently alter its commission, is a presumption of fact, not of law. Standing alone, it constitutes a prima facie case which will warrant conviction for felony. But to incorporate this proposition into an instruction, in a case of homicide, tends to mislead the jury, and. to prejudice the prisoner. Thus, the mere possession oí the pocket-book of the deceased by the prisoner, who lived under the same roof with him, as a member of his family, though unexplained, cannot be said to create a strong and reasonable presumption that he murdered the deceased. It is for the jury to say what weight, under all the circumstances of the case, should be given to the fact of such possession. Kibler v. Com., 94 Va. 804. 26 S. E. Rep. 858.
Conclusive Presumption.
Infant under Fourteen Years Incapable of Rape. — A boy under fourteen years of age is conclusively presumed to be incapable of committing rape, of of attempting to commit it, whatever may be the real facts. But he may be convicted as principal in. the second degree. Foster v. Com.. 96 Va. 306, 31 S. E. Rep. 503; Law v. Com., 75 Va. 885, 40 Am. Rep. 750.
B. PRESUMPTION AS TO LIFE AND DEATH.
Continuance of Life. — When the existence of a person is once established by proof, a presumption arises that such person continues to exist or live until the#contrary is shown, or till a different presumption is raised. State v. Goodrich, 14 W. Va, 843.
*748 Death after Seven Years’ Absence. — But a person who for seven years has nqt been heard of by those ■who, had he been alive, would naturally have heard of him, is presumed to be dead, in the absence of proof to the contrary. But the law raises no presumption as to the precise time of his death. Boggs v. Harper, 45 W. Va. 554, 31 S. 12. Rep. 943; State v. Goodrich, 14 W. Va-. 843; Evans v. Stewart, 81 Va. 724; W. Va. Code, ch. 130, §§ 44, 45 ; Va. Code 1887, § 3373. See also, Ogle v. Adams, 12 W. Va. 213.
Time of Death — Burden of Proof. — The burden of proving that the death took place at any particular time within the seven years lies upon the person claiming a right to the establishment of which that fact is essential. Evans v. Stewart, 81 Va. 724.
Bigamy — Conflicting Presumptions of Life and Innocence. — In a prosecution for bigamy, where the presumption of innocence conflicts with the presumption of the continuance of life, the law makes no absolute decision between these conflicting presumptions, but, in such cases, they are regarded as presumptions of fact, to be considered and weighed by thej ury, and not presumptions of law. State v. Goodrich, 14 W. Va. 834.
C. NONPRODUCTION OF EVIDENCE.
1. withholding Evidence. — 'The holding back of material evidence by any party to a suit raises a presumption of fact against him, whenever it appears that he could have produced such evidence. Bindley v. Martin, 28 W. Va. 774; Hefflebower v. De-trick, 27 W. Va. 16.
No rule of law is better settled than, that a party having it in his power to prove a fact, if it exists, which if proven, would benefit him, his failure to prove it must be taken as conclusive that the fact does not exist. wells-Stone Mercantile Co. v. Truax, 44 W. Va. 531, 29 S. E. Rep. 1006.
a. Failure to Examine Witness. — So, also, where a party to a controversy fails to examine a material and important witness in his behalf, the law raises the presumption that the witness’ testimony, if given, would be adverse to such party. Dewing v. Hutton, 48 W. Va. 576, 37 S. E. Rep. 670: union Trust Co. v. McClellan, 40 W. Va. 405,21 S. E. Rep. 1025; Gar-ber v. Blatchley, 51 W. Va. 147, 41 S. E. Rep. 222; Knight v. Capito, 23 W. Va. 639.
But in an action against a railroad company for injury to a brakeman while uncoupling cars, alleged to have resulted from the negligence of the yard foreman in ordering the engine to go back, where there was no direct proof that the foreman gave such an order, and the engineer and fireman both denied that the engine backed a second time, it was held that the failure to put the foreman on the stand to deny giving such second order does not raise the presumption thdt he gave it. Norfolk, etc., R. Co. v. Brown, 91 Va. 668, 22 S. E. Rep. 496.
D. PRESUMPTION OF PERFORMANCE OF OFFICIAL DUTY.
1. Levy oe Execution bebore Return Day.— when anv execution is placed in the hands of a sheriff, the presumption of law, in the absence of evidence to the contrary, is that he did his duty, and made the levy before the return day. O’Bannon v. Saunders, 24 Gratt. 138; Paine v. Tutwiler, 27 Gratt. 440; Cockerell v. Nichols, 8 W. Va. 159; Rowe v. Hardy, 97 Va. 674, 34 S. E. Rep. 625.
E. REGULARITY IN JUDICIAL PROCEEDINGS. —It is well settled that every reasonable presumption will be indulged in in support of the regularity of the proceedings and the validity of the judgments of courts of competent general jurisdiction, where both the subject-matter and the parties are within the territorial limits of the court’s jurisdiction; but, even with respect to such courts, no presumption is allowable when the want of jurisdiction affirmatively appears on the face of its proceedings. Wade v. Hancock, 76 Va. 620; Woodhouse v. Fill-bates, 77 Va. 317; Hill v. Woodward, 78 Va. 765; Wil-cher v. Robertson, 78 Va. 602; Ferguson v. Teel, 82 Va. 690: Dillard v. Cent. Va. Iron Co., 82 Va. 734,1 S. E. Rep. 124; Dove v. Com., 82 Va. 301; Pulaski County v. Stuart, 28 Gratt. 872.
Refusal of Instruction to Jury. — For example, there is prima facie presumption that the court below acted correctly in refusing instructions to the jury, unless the contrary is made to appear from the bill of exceptions. Shepherd v. McQuilkin, 2 W. Va. 90; Wise v. Postlewait, 3 W. Va. 452; Fitzhugh v. Fitz-hugh, 11 Gratt. 300, and note.
Overfulfil!!; of Demurrer. — Moreover, in accordance with the presumption which usually obtains in regard to all judicial proceedings, in the absence of evidence to the contrary, that there has been a regular and orderly course of procedure, it has been held that where the record does not show that a demurrer has been overruled, that- must be presumed, if the court has decided the'merits of the cause for the plaintiff. Smith v. Profitt, 82 Va. 833, 1 S. E. Rep. 67; Matthews v. Jenkins, 80 Va. 463; Hinchman v. Ballard, 7 W. Va. 153.
Judgment of Foreign Courts. — The presumption as to the validity of judgments of courts of general jurisdiction, equally applies to the judgments of such courts in other states. If the court of such foreign state, which renders the judgment or decree, was a court of general jurisdiction, the presumption is that it had j urisdiction of the particular cane, and to render the judgment or decree void, this presumption must be overcome by proof. Gil-christv. W. Va., O. &0. L. Co., 21W. Va. 115; Stewart v. Stewart, 27 W. Va. 167.
Burden of Proof to Show Irregularity. — And the presumption in favor of the regularity in judicial proceedings extends to every step and part thereof, and the burden is on him who alleges irregularity to show affirmatively by the record, that the irregularity exists. Dove v. Com., 82 Va. 301.
Limitation of Rule. — But where a court of general jurisdiction has conferred upon it special and summary powers, wholly derived from statutes, and which do not belong to it as a court of general jurisdiction, and where such powers are not exercised according to the course of the common law, its action being ministerial only, and not judicial, in such case its decision must be regarded and treated like those of courts of limited and special jurisdiction, and no such presumption of jurisdiction will attend the judgment of the court. But in such cases the facts essential to the exercise of the special jurisdiction must appear upon the face of the record. Pulaski County v. Stuart, 28 Gratt. 872.
F. DELIVERY OF INSTRUMENTS.
Bonds. — In the absence of all evidence of a conditional delivery of a bond by the sureties who signed it, the presumption of law is, that they consented to the delivery of the bond without the signature of the other party, whose name is on the bond. Ward V. Churn, 18 Gratt. 801, 98 Am. Dec. 749.
G. STATUS OF INDIVIDUALS.
1. Slavery. — It was held in Fulton v. Gracey, 15 Gratt. 314 (decided in 1859), thatthe presumption of law is that a person of African descent is a slave, but that the presumption may be repelled by any evidence tending to show he is free. See Hudgins v. Wrights, 1 Hen. & M. 134.
H. PRESUMPTION OF GRANT FROM TWENTY YEARS’ ADVERSE POSSESSION — It has been held that the adverse, exclusive, uninterrupted enjoyment of an incorporeal right for the period of twenty years affords a conclusive presumption of *749 title in the party so enjoying it, derived from grant. Hut no snch presnmption of grant will arise from an adverse nse and possession for any shorter period; the statute of limitations as to entry, or as for bringing an action for land, does not apply to this adverse user of an incorporeal hereditament. Cornett v. Rhudy, 80 Va. 710.
On the other hand, some cases hold that the adverse and exclusive use and enjoyment of a prescriptive or incorporeal right by a party and his privies for twenty years, is not conclusive evidence of the party’s right, but merely presumptive, and may be rebutted by evidence showing that the adversary use and enjoyment relied on, was not acquiesced in, but the right thereto contested; and any evidence tending to show such resistance is admissible to rebut the presumption. Nichols v. Aylor, 7 Leigh 546; Field v. Brown, 24 Gratt. 74. See learned opinion of Brannon, P., in wooldridge v. Coughlin. 46 W. Va. 345. 33 S. E. Rep. 233.
X. KNOWLEDGE OF USAGE. — There is a prima facie presumption that a party had knowledge of a well established usage. Hansbrough v. Neal, 94 Va. 722, 27 S. 35. Rep. 593.
J. PRESUMPTION OFFRATJD. — See monographic note on “Fraud" appended to Montgomery v. Rose, 1 Pat. & H. 5.
K. PRESUMPTION OF PAYMENT. — See mono-graphic note on “Payment.”
L. PRESUMPTION OF SANITY. —See. mono-graphic note on “Insanity” appended to Boswell v. Commonwealth, 20 Gratt. 860.
M. OTHER MATTERS PRESUMED.
1. Discharge op Public Rights by Statn. Xt is a well settled rule of construction that the state is not to be presumed to have discharged the public rights without express declarations or manifest intention to that effect. Bennett v. Mcwhorter, 2 W. Va. 441,
2. AOKNOWHEDGMENT OP CORRECTNESS OP ACCOUNT — If an account has been rendered by one party to another, the court cannot presume, in the absence of all evidence on the subject, that the party who received it has acknowledged its receipt and the correctness of the account. Robertson v. Wright, 17 Gratt. 534.
8. CURRUNOY IN WHICH BOND IS TO BE PAID. —Where a bond for the purchase of land was executed March 30th, 1863, payable in two years, in the absence of anything on the face of the bond to indicate the kind of money in which it was to be paid, under the statute there is no presumption of law on the question. The only presnmption is a presumption of fact, from the circumstances proved, and is a question for the jury. Effingerv. Kenney, 24 Gratt. 116. See Walker v. Pierce, 21 Gratt. 722.
4. Cha,STITT. — -In prosecutions for seduction, the chastity of the female is presumed by law. Barker v. Com., 90 Va. 820, 20 S. E. Rep. 776; Mills v. Com., 93 Va. 815, 22 S. IS. Rep. 863.
5. Legitimacy oe Chiedrbn. — This subject has been fully treated elsewhere in this series. See monographic note on “Parent and Child” appended to Armstrong v. Stone, 9 Gratt. 102.
IV. CUHULATIVE EVIDENCE.
Cumulative evidence is generally said tobe additional evidence of the same kind to the same point. Halstead v. Horton, 38 W. Va. 727, 18 S. E. Rep. 953; Wynne v. Newman, 75 Va. 812; St. .John v. Alderson, 32 Gratl. 140. See Preston v. Otey, 88 Va. 481. 14 S. E. Rep. 68.
But evidence of the same kind and to the same point must be additional in order to be cumulative, if it is antagonistic, although of the same kind and to the same point, it is not cumulative. Halstead, v. Horton, 38 W. Va. 733, 18 S. E. Rep. 953.
Newly-Discovered Evidence. — Evidence newly discovered is said to be cumulative in its relation to the evidence on the trial, when it is of the same kind and character. If it is dissimilar in kind', it is not cumulative, in a legal sense, though it tends to prove the same proposition. Wynne v. Newman, 75 Va. 812; St.John v. Alderson. 32,Gratt. 143, opinion of Christian, J. For a full discussion of this subject, see monographic note on “New Trials" appended to Boswell v. Jones, 1 Wash. 322.
v. circumstantial evidence in criminal CASES.
Circumstantial evidence must always be scanned with great caution, and can never justify a verdict of guilty, especially of murder in the first degree, the penalty of which is death, unless the circumstances proved are of such a character and tendency as to produce upon a fair and unprejudiced mind a moral conviction of the guilt of the accused beyond all reasonable doubt. Dean v. Com., 32 Gratt. 912; Longley v. Com., 99 Va. 808, 37 S. E. Rep. 339; Davis y. Com., 99 Va. 838,38 S. E. Rep. 191; Anderson v. Com., 83 Va. 326. 2 S. E. Rep. 281. See monographic note on “Homicide” appended to Souther v. Com., 7 Gratt. 673.
VI. RELEVANCY.
A. IN GENERAL. — As a general rule if evidence offered to be introduced on the trial of a cause is relevant to the issue, it should be admitted. It is for the jury to determine what effect it should have. But irrelevant evidence is inadmissible and must be excluded. Underwood v. McVeigh. 23 Gratt. 409; Parsons v. Harper, 16 Gratt. 64; Rowtv. Kile, 1 Leigh 216: Thompson v. Com., 88 Va. 45, 13 S. E. Rep, 304; McBride v. Com., 95 Va. 818. SO S. 15. Rep. 454; Greever v. Bank, 99 Va. 547, 39 S. E. Rep. 159.
Evidence offered to the jury, and properly applying to the issue joined, ought not to be rejected on the ground of objections to the declaration. Preston y. Bowen, 6 Mnnf. 271.
For example, at a trial for robbery occurring at 10.30 p. m., half a mile from a depot, evidence on behalf of the accused that a negro was seen at 3 a. m. on the following morning, is irrelevant and properly excluded. Thompson y. Com., 88 Va. 45. 13 S. E. Rep. 304.
It is not error, however, to exclude evidence which would not have benefited the party offering it. Bartlett v. Patton, 33 W. Va. 71, 10 S. E. Rep. 21.
Need Not Be Direct Evidence. — But it is not necessary that evidence shall bear directly upon the point in issue. If it constitutes a link in the chain of proof or tends to make the question at issue in the particular case more or less probable, it is, as a general rule, admissible. Grubb v. Burford, 98 Va. 553, 37 S. E. Rep. 4; Hanriot v. Sherwood, 82 Va.
1; Parsons v. Harper, 16 Gratl. 64.
Right to Contradict Irrelevant Testimony. — A party to a suit who testifies in his own behalf to a fact irrelevant to the issue in support of his own testimony, and prejudicial to his opponent, cannot obj ect to i ts contradiction on the ground of irrelevancy. Sisler v. Shaffer, 43 W. Va. 769. 28 S. B. Rep. 721. See Womack y. Circle. 29 Gratt. 193.
Rejection of Irrelevant Evidence Tender of Other Evidence. — After a court has rejected as irrelevant and inadmissiblé, evidence tendered along a particular line, it is unnecessary to go through the formality of tendering other evidence on the same subject. Clark y. Sleet, 99 Va. 381, 38 S. 15. Rep.. 183. ” .
*750 B. COLLATERAL FACTS.
1. IN General. — The general rule is that collateral facts are inadmissible in evidence, because they do not afford any reasonable presumption or inference as to the principal fact or matter in dispute, and tend to draw away the minds of the jury from the point in issue, excite prejudice, and mislead the jury. Whitelaw v. Whitelaw, 96 Va. 712, 32 S. E. Rep. 458; Moore v. Richmond, 85 Va. 538, 8 S. E. Rep. 387.
Defective Sidewalk. — For example, in an action against a city for injuries from falling into a hole in a sidewalk, testimony that plaintiff’s witness fell into the same hole the same night was held collateral and inadmissible. Moore v. Richmond, 85 Va. 538, 8 S. E. Rep. 387.
Dislike of Prisoner. — And where, on a trial for rape, the prosecutrix testified that her father hated the prisoner, it was held that the prisoner could not introduce evidence -to show the cause of that hatred, because the fact sought to be proved is collateral to the issue, and one from which no reasonable inference can be drawn as to the principal fact or matter in dispute. Mings v. Com., 85 Va. 638, 8 S. E. Rep. 474.
2. Threats — Homicide.
Communicated Threats, — in prosecutions for homicide, upon the plea of self-defense, threats by the deceased communicated to the prisoner, directly, or through others, are admissible to determine whether the accused had, at the time of the killing, reasonable ground to apprehend serious bodily harm. Lewis v. Com., 78 Va. 732; State v. Abbott, 8 W. Va.-741; State v. Evans, 33 W. Va. 417, 10 S. E. Rep. 792.
Uncommunicated Threats. — And it has been held that, evidence of uncommunicated threats by the deceased is admissible to show his mental attitude. State v. Evans, 33 W. Va. 417, 10 S. E. Rep. 792. Compare Gray v. Com., 92 Va. 772, 22 S. E. Rep. 858. See monographic note on “Homicide” appended to Souther v. Com., 7 Gratt. 673.
3. Motive or Intent. — Where the motives of a party are a material enquiry in a cause, any evidence which tends in any degree to throw light upon them, is not to be rejected, though the court may think it not entitled to much weight with the jury. Parsons v. Harper, 16 Gratt. 64; Jackson v. Com.,96 Va. 107, 30S. E. Rep. 452.
Evidence of Motive or Intent in Criminal Cases. — See monographic note on “Homicide” appended to Souther v. Com., 7 Gratt. 673; monographic note on “False Pretenses and Cheats” appended to Left-wich v. Com., 20 Gratt. 716.
C. RES INTER ALIOS ACTA.
1. In General — The general rule is that, when the issue is whether a person did a particular thing, it is inadmissible to put in evidence the fact that he did a similar thing at some other time. Travelers’ Ins. Co. v. Harvey, 82 Va. 949, 5 S. E. Rep. 553; Wilson v. Carpenter, 91 Va. 183, 21 S. E. Rep. 243; Hartman v. Evans, 38 W. Va. 669, 18 S. E. Rep. 810; Cole v. Com., 5 Gratt. 696. But see Brighthope Railway Co. v. Rogers, 76 Va. 443; Brock v.' Brock, 92 Va. 173, 23 S. E. Rep. 224.
Execution of Similar Contracts with bther Persons.— Except in certain cases where the knowledge, motive or intention of the party is a material fact in the case, the general rule is that no reasonable presumption can be formed as to the making or execution of a contract by a party with one person in consequence of the mode in which he has made or executed similar contracts with other persons. Neither can parties be affected by the conduct or dealing of strangers. Transactions which fall wifhin either of these classes are res inter alios acta, and evidence of this description is uniformly rejected. Repass v. Richmond, 99 Va. 508, 39 S. E. Rep. 160.
Indictment against Other Persons. — It is not error to exclude as evidence an indictment against another person for the same offense. Taylor v. Com., 90 Va. 109, 17 S. E. Rep. 812.
Proof of Other Crimes. — It seems to be well settled that proof of other crimes, having no connection with the one for which the accused is on trial, is irrelevant and inadmissible. Cole v¡ Com., 5 Gratt. 696; State v. Sheppard, 49 W. Va. 582, 39 S. E. Rep. 676. But see Heath v. Com., 1 Rob. 735.
Larceny. — For example, on the trial of an indictment for the larceny of a watch, evidence of another larceny of a cloak, committed by the prisoner, the two acts being wholly distinct and unconnected, is not admissible for any purpose. Walker v. Com., 1 Leigh 574. See Burr v. Com., 4 Gratt. 53'4.
It has been held that evidence of acts and conversations of third parties is irrelevant and inadmissible to show that the defendant was fraudulently induced by them to execute the bond sued on, unless the plaintiff is shown to have participated in the fraud. Relevancy must always be shown by him offering the evidence. Triplett v. Goff, 83 Va. 784. 3 S.E.Rep. 525.
Executions in Other Suits. — So, also, the rejection of evidence offered by the defendant, of executions issued against the plaintiff in other suits,- and returned “no effects,” the policy whereon this suit was brought having been taken out for the benefit of a third person named in the policy, is not erroneous, the evidence being irrelevant. Fire Ass’n v. Hogwood, 82 Va. 342, 4 S. E. Rep. 617.
Guilty Knowledge or Intent. — But whenever the guilty knowledge or intention of a party is a material fact in issue, then collateral • facts, that is other acts and declarations of a similar character, tending to establish such intent or knowledge, are proper evidence, provided they are not too remote. Trogdon v. Com., 31 Gratt. 862.
Passing Counterfeit Honey. — For example, in indictments for passing counterfeit money, the scienter may be proved b3r showing that the defendant passed or attempted to pass other counterfeit money to other persons about the same time. Martin v. Com., 2 Leigh 745; Spencer v. Com., 2 Leigh 751; Hendrick v. Com.. 5 Leigh 708; Wash v. Com., 16 Gratt. 540; Finn v. Com., 5 Rand. 701.
Obtaining Goods by False Pretenses. — And, in a prosecution for obtaining goods upon false pretenses, evidence that the accused, in the same city and at or about the same time, purchased goods from other parties, upon the same false pretenses, is admissible to show the intent of the accnsed in making the representations. Trogdon v. Com., 31 Gratt. 862.
False Representations.-So, also, in a suit to rescind a contract for false representations, evidence of similar representations to other persons, about the same time, is admissible to show the bent of the mind of the party making the representations. Wilson v. Carpenter, 91 Va. 183, 21 S. E. Rep. 243.
2. Habit. — It has been held that in an action against a surety on a bond, evidence of his habit as respects becoming surety for persons, is admissible. Triplett v. Goff, 83 Va. 784, 3 S. E. Rep. 526. See Dillard v. Collins, 25 Gratt. 359.
D.CHARACTER.
Character in Civil Cases. — See monographic note on “Libel and Slander” appended to Bourland v. Eidson, 8 Gratt. 27, and various other titles throughout this series for the admissibility of character as evidence in particular instances.
Character in Criminal Cases. — General character is *751 always in issue in a criminal case; and evidence thereof is always admissible. Parrish v. Com.. 81 Va. 1; Hey v. Com.. 83 Gratt. 946. See monographic note on “Homicide'’ appended to Souther v. Com., 7 Gratt. 678, and various other notes on special branches of criminal law throughout this series.
Seduction. — in prosecutions for seduction, the previous chaste character of the female seduced is in issue, but as her chastity is presumed by law, the burden of impeaching it lies on the accused. Va. Code 1887, ch. 180, § 3677; Mills v. Com.. 93 Va. 815, 33S. 10. Hep. 863; Barker v. Com., 90 Va. 830, 20 S. E. Rep. 776.
E. WEALTH OF PARTIES. — Tt has been frequently held, in cases where exemplary damages maybe awarded, that the financial standing of the defendant may be given in evidence as afiecting the measure of damages, for a verdict absolutely ruinous to a man in moderate circumstances, would scarcely be felt by a man of large fortune. Evidence of the pecuniary circumstances of the defendant. has been received in actions for breach of promise of marriage, in actions by a father for the seduction of his daughter, in action for slander, and in actions for malicious prosecution and false imprisonment. Dent v. Pickens, 3á W. Va. 240, 13 S. E. Rep. 698 (breach of marriage promise); Clem v. Holmes, 33 Gratt. 733, 36 Am. Rep. 793; Riddle v. McGinnis. 22 W. Va. 253 (actions for seduction); "Womack v. Circle. 29 Gratt. 192: Harman v. Cundiff, 82 Va. 239 (actions for slander); Womack v. Circle, 29 Gratt. 192 (malicious prosecution and false imprisonment).
Slander — Rank and Influence of Defendant. — it is not improper to instruct the jury that if, from the evidence. they believe the defendant uttered the slander from actual malice, they may find exemplary damages, and that in estimating the damages they shall consider the standing of the parties, and the wealth of the defendant is only to be considered so far as it tends to show his rank and influence in society. Harman v. Cundiii', 82 Va. 239. citing and appro ring Womack v. Circle, 29 Gratt. 192.
F. ILLEGAL OR IMPROPER EVIDENCE. — Illegal or improper evidence, however unimportant to the cause, should never be confided to the jury. Lee v. Tapscott. 2 Wash. 276 ; Brown v. May. 1 Mnnf. 288*
VII. HEARSAY EVIDENCE.
A. DEFINITION. — The term hearsay is used with reference to that which is written as well as that which is spoken, and in its legal .sense it denotes that kind of evidence which does not derive its value solely from the credit to be given to the witness himself, but rests also, in part, on the veracity or competency of some other person. 4 Min. Inst. (3d Ed.) 869.
B. G ENERAL RULE AS TO ADMISSIBILITY OF HEARSAY EVIDENCE-And the general rule is that such evidence is inadmissible. Claiborne v. Parrish, 2 Wash. 146 ; Taliaferro v. Pryor. 12 Gratt. 277 ; Reusch v. Roanoke Cold Storage Co., 91 Va. 534, 33 S. E. Rep. 358.
1. Self-Serving- Declarations. — It may be stated generally, that a party’s declarations are not admissible as evidence in his own favor, unless they form a part of the res gesUn. Garnett v. Sam, 5 Munf. 542 ; M’Alexander v. Harris, 6 Mnnf. 465 ; Scott v. Shelor, 28 Gratt. 891 ; Sprouse v. Com., 81 Va. 374 ; OrLte v. Com., 1 Va. Dec. 423 ; Repass v. Richmond, 99 Va. 508, 39 S. E. Rep. 160 ; State v. Abbott, 8 W. Va. 743 ; Corderv. Talbott, 14 W. Va. 277 : Deck v. Tabler, 41 W. Va. 333. 23 S. E. Rep. 721, 56 Am. St. Rep. 837. See monographic note on “Homicide” appended to Souther v. Com , 7 Gratt. 673.
Thus, in an action of debt upon a bond given for the purchase of land at auction, it is not competent for the plaintifi to prove Ms declarations not in the hearing of the defendant, prescribing different terms of sale from those set forth in the advertisement and publicly announced on the day of sale, unless shown to have been communicated to him. Eifinger v. Kenney. 24 Gratt. 116.
It has been held, however, that the declarations of an alleged donee of a gift causa mortis, made while the donor is still alive, to the effect that the gift had been made by him to her, are admissible in evidence in her favor to rebut other testimony tending to prove that at a later day she did not claim the making of such gift. Thomas v. Lewis, 89 Va. 1, 15 S. E. Rep. 389, 37 Am. St Rep. 848.
Relevancy.--But to come within the terms and operation of the general rule just stated, the declarations must accompany and explain an act done, which is a fact in issue, or is relevant to the issue. Accordingly, it has been held that the declarations of a party in his own favor ought not to be received as evidence, though it be a part of the res gestee of a collateral fact introduced in the case, merely to contradict a witness on the other side, but which fact is no way otherwise connected with the material enquiry involved in the case. Scott v. Shelor, 28 Gratt. 891 ; Oorder v. Talbott, 14 W. Va. 277.
2. Declarations by Third Persons. — And the declarations of a third person, nota party to the suit, and made in the party’s absence, are hearsay and inadmissible. French v. Chapman, 88 Va. 317, 13 S. E. Rep. 479; Norfolk, etc., R. R. Co. y. Groseclose, 88 Va. 267. 13 S. E. Rep. 454, 20 Am. St. Rep. 718. See Hopper v. Com., 6 Gratt. 685 ; Thompson v. Updegraff, 3 W. Va. 629.
Thus, a declaration, not upon oath, by a person nota party to the cause, that he committed the trespass for which the suit is brought, cannot be given in evidence to exculpate the defendant. Pen-ner v. Cooper, 4 Munf. 458.
3. General Reputation.0 — As a general rule, reputation is hearsay, and inadmissible to show any fact in issue. State v. Evans, 33 W. Va. 417, 10 S. E. Rep.792; Taliaferro v. Pryor. 12GraU.277; Barkerv. Com., 90 Va. 820, 20S. E. Rep. 776.
For example, hearsay and general reputation in the neighborhood, as to the reputed “influence” of one man over anothei, are inadmissible. State v. Evans, 33 W. Va. 417, 10 S. E. Rep. 792.
So, also, on a trial for seduction, the ill repute of the house where the prosecutrix resided prior to the seduction, cannot be shown by general reputation, but only by proof of particular facts. Barker v. Com., 90 Va. 820. 20 S. E. Rep. 776.
And it has been held, that reputation and tradition are inadmissible to prove or disprove a title. Taliaferro v. Pryor, 12 Gratt. 277; Cline v. Catron. 22 Gratt. 378.
4. Market Quotations. — Market quotations published in a newspaper, and price lists furnished by commission merchants, and opinions based solely thereon, are alike hearsay, and cannot be received in evidence as proof of the prices actually paid for an article, in the absence of proof of the authority upon which such quotations and lists were made. Norfolk, etc., R. Co. v. Reeves, 97 Va. 284, 33 S. E. Rep. 606.
It was held in Norfolk, etc.. R. Co. v. Reeves, 97 Va. 284, 33 S. E. Rep. 606, in an action against a common carrier to recover for loss of cattle delayed in traiivSit. that the testimony of the shipper that he was informed by his commission merchant that they sold his cattle at a certain price, is hearsay.
C.EXCEPTIONS TO GENIO RAL HULE. — But to the general rule excluding hearsay evidence there are exceptions. Claiborne v. Parrish, 2 Wash. 146.
*752 1. Pedigree.— Thus, hearsay evidence, general reputation, or tradition, are admissible to prove pedigree. Colvert v. Millstead, 5 Leigh 88; Jenkins v. Tom, 1 wash. 123; Claiborne v. Parrish, 2 Wash. 146; Pegram v. Isabell, 2 Hen. & M. 193; Hudgins v. Wrights, 1 Hen. & M.'134; Gregory v. Baugh, 2 Leigh 665, opinion of Carr. J.; Adié v. Com., 25 Gratt. 712 (identity); Peterson, v. Ankrom, 25 W. Va. 61, 62.
In Gregory v. Baugh. 2 Leigh 665, the court was equally divided upon the question whether, in the case of a person claiming freedom on the ground of descent from a female Indian ancestor, hearsay be admissible, not o,nly to prove the plaintiff’s pedigree, but also to prove that the female ancestor, from whom he derives his descent, was an Indian.
Qualification of Rule. — But the exception which tolerates hearsay in cases of pedigree extends only to the hearsay of those who, by connection and consanguinity, have both the means of knowing, and an interest in making themselves acquainted with the facts of which they speak, and does not take in every neighborhood rumor or report. Gregory v. Baugh, 4 Rand 611; Pegram v. Isabell, 2 Hen. & M. 193; Clemmitt v. Ins. Co., 76 Va. 356.
Suits for Freedom. — Thus, in a suit for freedom, it is not competent for the plaintiff to introduce evidence of hearsay, or of common report, that her mother had been considered a free woman in Massachusetts, and had been carried off from thence by a particular individual, to corroborate the testi-' mony of other witnesses, or for any other purpose. Charlton v. Unis, 4 Gratt. 58.
In questions of freedom, evidence that there had been a belief in the neighborhood, some fifty or sixty years before, that the female ancestor of the plaintiff was entitled to her freedom, is not admissible. Gregory v. Baugh, 4 Rand. 611.
Declarant Must Be Dead. — But, in order that declarations maybe introduced in proof of pedigree, it is essential that the declarant be dead when the declarations are tendered. 22 Am. &ETng. Enc. Law (2d Ed.) 644; Peterson v. Ankrom, 25 W. Va. 56; Colvert v. Millstead, 5 Leigh 88.
Declarations Post Litem Motam. — A woman named S. brought a suit for freedom in 1772, and, dying soon after, that proceeding was abated; some twenty-five or thirty years after, one W., an old person, informed her son that S. was free, and her family, in consequence of their Indian descent from the mother; in a suit brought by S.’s grandson to recover his freedom, W.’s son testifies to those declarations of his mother, as to the plaintiff’s ancestor S. The court held that this hearsay evidence was not objectionable, on the ground that the declarations of W. were made post litem motam, Brooke, P., dissenting. Gregory v. Baugh, 2 Leigh 665.
a. Family Bible. — 'The entry in the family Bible of the date of the birth of a member of the family, though not made by a member of the family, is in the nature of a record, and, being produced from the proper custody, is itself evidence tending to show such date. Being a family Bible, and accessible to all the family, the presumption is that the entry would not be permitted to remain if the whole family did not adopt it, and thereby give authenticity to it. Union Central Life Ins. Co. v. Pollard, 94 Va. 147, 26 S. E. Rep. 421, 64 Am. St. Rep. 715.
2. Declarations as to Boundaries.
a. In General. — 'The general rule is that the declarations of deceased persons as to corners or boundary lines of a tract of land are admissible in evidence, when it appears from their situation that they had peculiar means of knowing the fact, and no interest to misrepresent, and that such declarations are not made post litem motam, and are not in contradiction of the. surveyor’s official report; as, for instance, declarations of the surveyor or chain-carrier upon the original survey, or of the owner of a tract of land or of an adjoining tract calling for the same boundary, and also the declarations of tenants, processioners, and others whose duty or interest would lead them to a diligent inquiry or accurate information as to the fact. Harriman v. Brown, 8 Leigh 697; Overton v. Davisson, 1 Gratt. 211, 42 Am. Dec. 544; Clements v. Kyles, 13 Gratt. 468; Smith v. Chapman, 10 Gratt. 445; Cline v. Catron, 22. Gratt. 378; Pry v. Stowers, 92 Va. 13, 22 S. E. Rep. 500; Hill v. Proctor, 10 W. Va. 59; Corbleys v. Ripley, 22 W. Va. 154, 46 Am. Rep. 502; High v. Pancake, 42 W. Va. 602, 26 S. E. Rep. 536.
And this is true, whether the boundary be one of a general or public interest, or be between the estates of private proprietors. Harriman v. Brown, 8. Leigh 697.
Particular Fact. — But the declarations must be as. to a particular.fact, a corner or line tree, or something equivalent. Clements v. Kyles, 13 Gratt. 467; Highv. Pancake, 42 W. Va. 602. 26 S. E. Rep. 536-See opinion of Tucker, p;, in Harriman v. Brown, 8 Leigh 697.
Declarant Hust Be Dead, — And the person making such declarations, must be dead at the time of the trial. Overton v. Davisson, 1 Gratt. 211,42 Am. Dec. 544.
Declarations as Evidence in Favor of Privies. — But declarations of a deceased person, claiming ownership of a specific property, are not competent evidence in favor of his administrators, or others claiming title under him, whether such declarations of ownership were made before or after the title of the adverse claimant commenced. Croth-ers v. Crothers, 40 W. Va. 169, 20 S. E. Rep. 927; Masters v. Varner, 5 Gratt. 168.
Boundaries. — Admissions of a former owner of a tract of land as to the boundaries of the tract 'are-admissible in evidence in determining such boundaries, but are not conclusive, and it may be shown that he was mistaken. Reusens v. Lawson, 91 Va.. 226, 21 S. E. Rep. 347.
b. Seasons of Buie. — In Harriman v. Brown, 8-Leigh 707, it is said: “Questions of boundary, after the lapse of many years, become of necessity questions of hearsay and reputation. For boundaries are artificial, arbitrary, and often perishable; and when a generation or two have passed away, they cannot be established by the testimony-of eyewitnesses. In such cases, therefore, it becomes necessary to look to reputation, or depend upon hearsay evidence of the former existence- and actual locality of an artificial boundary.”
: o. Declarations of Former Owner. — Declarations of a former owner of land, now dead, are admissible to show the identity of a particular corner, tree, or other corner or marked boundary line; but nota mere general statement or claim that certain land was in his boundary, or where the lines would run, or that he owned, the land, without reference to any corners or marked lines. If it appears that such declarations are subject to suspicion of bias from interest, they cannot be received or made post litem motam. High v. Pancake, 42 W. Va. 602v 26 S. E. Rep. 536. See Corbleys v. Ripley, 22 W. Va. 154, 46 Am. Rep. 502.
Son-In-Law of Former Owner. — But declarations of a deceased person as to boundary lines are not rendered admissible by the fact that he was the son-in-law of the former owner and carried the chain when such owner had some lines run, it not appearing that they were the lines in question. Fry v. Stowers, 92 Va. 13, 22 S. E. Rep. 500.
Declarations to Prove or Disprove Title. — Declara *753 tions of a deceased owner are not competent evidence to prove that he had title, or to prove possession. High v. Pancake, 42 W. Va. 602, 26 S. E. Kep. 536; Cline v. Catron, 22 Gratt. 378.
But declarations of one in actual possession of land, explanatory of the character of his possession, that is, for instance, how he claimed, under what title, and to what limit, are admissible. High v. Pancake, 42 W. Va. 602, 26 S. E. Rep. 536.
d. declarations of Chains Carrier. — In Smith v. Chapman, 10 Gratt. 445, declarations of a dead chain-carrier as to corner and line trees of a survey were admitted in evidence, hut his statement as to the locality of the land, and the streams which the land would cross were rejected, because mere opinions of the chain-carrier from facts which he supposed to he within his knowledge, hut not given.
e. Declarations of Surveyor — In a controversy touching the boundary or locality of a tract of land granted by the commonwealth upon a survey made by an authorized surveyor, the declarations of such surveyor, or of a chain-carrier, or other person who was present at such survey, as to the acts done by or under the authority of such surveyor in making the survey, are properly admissible unless plainly irrelevant; provided they are not made post litem motam, and are not in contradiction of the surveyor’s official report, and that the parties making the declarations are dead. Overton v. Davisson, 1 Gratt. 211, 42 Am. Dec. 544.
Declarations of Surveyor in Contradiction of His Report.— Although a surveyor’s declarations, whether oral or written, are not admissible in evidence where they will contradict his own official report, still the declarations of other persons, if otherwise admissible, may be received in evidence to contradict the report. Reusens v. Dawson, 91 Va. 226, 21 S. E. Rep. 317.
Ancient Reputation and Possession. — Ancient reputation and possession, in respect to the boundaries of streets in a town, are entitled to infinitely more respect, in deciding npon the boundaries of the lots, than any experimental survey that can now be made. Ralston v. Miller, 8 Rand. 44, 15 Am. Dec. 704.
3. DECLAKATLONS AGAINST INTEREST.
By Stranger. — A declaration made by a stranger to the controversy, now dead, and against his pecuniary interest, may be admitted as evidence to show the existence of a fact relevant in such controversy. asan exception to the rule excluding hearsay. Bartlett v. Patton, 38 W. Va. 71, 10 S. E. Rep. 21.
By Party. — So, also, written or oral declarations of a party to a suit, relevant to the issue, and against his interest, are admissible as evidence «against him. Powell v. Tarry, 77 Va. 250.
Interest Mu,st Exist at the Time. — The declarations of one interested in a matter of controversy, and operating against his own interest, may be given in evidence; but if his interest arose after the declarations, they cannot be received as evidence. Burton v. Scott, 3 Rand. 399.
Nature of Interest Required. — And, it is well settled that where an entry is offered in evidence upon the ground that it is against the interest of the decla-rant. it must be of a pecuniary or proprietary nature. The declaration in such cases derives its value exclusively from the fact that the person has made an entry or charge which it is against his interest to make, and the effect of which will be to render him pecuniarily liable to some third person. Tate v. Tate, 75 Va. 522. See further, upon the subject of declarations against interest, High v. Pancake. 42 W. Va. 602, 26 S. E. Rep. 536; Barley v. Byrd, 95 Va. 316, 28 S. E. Rep. 329; Moorman v. Arthur, 90 Va. 455. 18 S. E. Rep. 869.
4. EVIDENCE ONFOliMETtTKIAL.

a. Criminal Cases.

Death of Witness.--Where a witness in a criminal case has died, his testimony on a former trial cannot be given in evidence, even by the accused. Montgomery v. Com., 99 Va. 833, 37 S. E. Rep. 841; Finn v. Com., 5 Rand. 701. See Crite v. Com., 1 Va. Dec. 423, 425, in which case Judge Andebson, delivering the opinion of the court, discusses this subject at length.
Witness Absent from State. — So, also, where a witness for the prisoner, who has given evidence at a former trial, is absent from the commonwealth at the second trial, it is not competent for the prisoner to prove what the witness swore to on the former trial. Brogy v. Com., 10 Gratt. 722, and note: Finn v. Com., 5 Rand. 701.

b. Civil Oases.

Death of Witness. — But the evidence of a witness given on a former trial of a civil case, who has since died, may be proven on a subsequent trial of the case. Carrico v. W. Va. Cent., etc., R. Co.. 39 W. Va. 86, 19 S. E. Rep. 571, 24 L. R. A. 50; Catón v. Lenox, 5 Rand. 31.
Although, in a civil action, proof may be given of what a witness, who is since dead, did swear to on a former trial between the same parties, and on the same issue, yet such evidence is inadmissible in a criminal prosecution. Finn v. Com., 5 Rand. 701. This was obiter as to a civil case, as the case was a criminal case, and perhaps obiter as to a criminal case as to a dead witness, as the witness was one out of the state.
Where one of the parties dies pending the action, thereby rendering the othe^ party incompetent to testify, statements made by him at the first trial may be proved at the second trial by the evidence of other witnesses. Lee v. Hill, 87 Va. 497, 12 S. E. Rep. 1052, 24 Am. St. Rep. 666.
Depositions in Chancery Suit. — in the trial of an action at law, depositions taken in a suit in chancery between the same parties, are proper evidence, provided it be proved that the witnesses are dead, or by reason of sickness are unable to attend, or that they cannot be found, or are absent from the country, or are otherwise not amenable to the process of the court. Pleasants v. Clements, 2 Leigh 474.
Proof of Testimony at Former Trial. — The longhand notes made by the sworn stenographer who took the evidence upon a former trial of the case, are the best evidence of such testimony of the dead witness, and should be used, or the nonproduction legally accounted for, on a second trial; but where those notes show that the dead witness made in his evidence an illustration merely, and do not show what that illustration was, or in any way convey it to the second jury, a witness may be used to prove what such illustration was. Carrico v. W. Va. Cent., etc., R. Co., 39 W. Va. 86, 19 S. E. Rep. 571, 24 L. R. A. 50.
Parties and Issues in Both Actions Husst Be the Same.
—But in order that the testimony of a witness on a former trial may be received in a subsequent proceeding, the point in controversy and the parties must be the same in both actions. Rowev. Smith.
1 Call 487; Pleasants v. Clements, 2 Leigh 474; Hatcher v. Crews, 78 Va. 460. See monographic note on “Depositions’* appended to Field v. Brown, 24 Gratt. 74.
It has been held that depositions taken in a suit with the factor may be read in a suit- with the principal for the same cause. Ritchie v. Lyne. 1 Call 489.
Record in Former Suit. — And, in order that a record in a former sui may be read as evidence in a *754 subsequent suit, the parties and points in controversy must be the same in both suits. Payne v. Coles, 1 Munf. 373; Chapmans v. Chapman, 1 Munf. 399; Pleasants v. Clements, 2 Leigh 476; Frazier v. Frazier, 2 Leigh 642; Downer v. Morrison, 2 Gratt. 250; Bargamin v. Clarke, 20 Gratt. 544.
Thus, where one obtained an injunction to restrain a trespass, and declared in his bill that the defendant was a sole trespasser, and afterwards brought his action against his landlord for committing the same trespass, it was held that in the second action the record in the former suit is n.ot admissible except such part as may contradict the evidence of the plain tiff in the second action. Robrecht v. Mar-ling, 29 W. Va. 765, 2 S. E. Rep. 827.
Substance of Former Testimony Sufficient. — All that is required, moreover, is to prove the substance of what a witness, since dead, swore to at a former trial. It is not necessary that the very words of the deceased witness should be repeated and sworn to. Such a restriction would destroy the rule, as no man, with the least respect for his reputation, would undertake to repeat and swear to the very words that another witness has used, unless he had written down the words at the moment of their delivery. Catón v. Lenox, 5 Rand. 31.
5. Hearsay in Corroboration op Testimony. — it is a general and well-nigh universal rule, that evidence of what a witness said out of court, is inadmissible to corroborate his evidence in court. Howard v. Com., 81 Va. 488; Oliver ,v. Com., 77 Va 590; Repass v. Richmond, 99 Va. 508, 39 S. 3. Rep. 160.
But where an attempt is made to discredit a witness by showing malice on his part, growing out of his arrest for an offence, it is admissible to show that the witness made the same statement before his arrest that he made in court. Such evidence is original, not hearsay. Howard v. Com., 81 Va. 488.
6. Declarations Relative to Possession. — Declarations of one in possession of land, explanatory of his possession and making claim, are admissible evidence, while he is in possession, to show that he is under claim of ownership, but not to show title. Parkersburg Industrial Co. v. Schultz, 43 W. Va.'470, 27 S. E. Rep. 255, citing High v. Pancake, 42 W. Va. 602, 26 S. E.. Rep. 536; 1 Greenl. Ev. § 109.
vui. burden of proof.
Scope of Title. — No attempt is made to set forth, under this head, "the burden of proof in particular instances, as this question will be found fully discussed under the special titles throughout this series in connection with which it arises. Therefore, special reference is here made to monographic notes on “Consideration, ” Fraud,” “Insanity,” “Wills” and the various other notes in this series, for a detailed discussion of the question so far as it relates to that special subject.
A. STATEMENT OF GENERAL RULE. — The burden of proving the existence of any fact or thing rests upon him who affirms it. 4 Min. Inst. (3d Ed.) 867; Peters v. Mcwilliams, 78 Va. 567; Norfolk, etc., R, R. Co. v. Ferguson, 79 Va. 241; wright v. Rambo, 21 Gratt. 158; Norman v. Hill, 2 Pat. & H. 676.
Negligence. — For example, it has been held that the burden of proving negligence rests on him who alleges it Norfolk, etc., R. R. Co. v. Ferguson, 79 Va. 241; Sheeler v. Chesapeake, etc., R. R. Co., 81 Va. 188; Snyder v. P. C. & St. L. R. Co., 11W. Va. 14; Johnson v. Railroad Co., 25 W. Va. 570.
Contributory Negligence. — But where a city, in an action against it to recover for injuries resulting from a defective sidewalk, relies on the defence of contributory negligence, the burden of proving it lies on the city. Gordon v. City of Richmond, 83 Va. 430, 2 S. E. Rep. 727. See Johnson v. R. Co., 25 W. Va. 570; Sheff v. Huntington, 16 W. Va. 307.
Common Carriers. — In an action against a common carrier for loss of goods, the burden of proof is on the carrier to show that it has not been guilty of negligence, and that the loss arose from a cause which, by the common law, or by the terms of its special contract, exempts it from liability. Brown v. Adams Express Co., 15 W. Va. 812.
Fraud. — So, also, the burden of proving fraud, mistake, or misrepresentation is on the party alleging it. See monographic note on “Fraud” appended to Montgomery v. Rose, 1 Pat. & H. 5, and the following additional authorities: Hale v. W. Va., etc., Co., H W. Va. 229; Pusey v. Gardner, 21 W. Va. 469; Hord v. Colbert, 28 Gratt. 49; Crebs v. Jones, 79 Va. 381; Matthews v. Crockett, 82 Va. 394.
B. PRESUMPTIONS. — where there is a prrima facie presumption of law that a certain fact or condition exists, the burden of proof to repel that presumption rests on him who alleges the contrary.
That Female Seduced Is Chaste. — For example, in a prosecution for seduction, the chastity of the female seduced is presumed by law, and the burden is on the prisoner to impeach it. Barker v. Com., 90 Va. 820, 20 S. E. Rep. 776.
That Postnuptial Settlement Is Void as to Creditors. —There is likewise a presumption of law that a postnuptial settlement in favor of a wife is void as to existing creditors, and the burden is upon those claiming under the settlement to prove tb at it was made for a valuable consideration moving from the wife. Where the bill, charges the settlement to be voluntary, an answer denying the allegations of the bill does not shift this burden, but the defense set up in the answer must be established by proof. Fink v. Denny, 75.Va. 663; Hatcher v. Crews, 78 Va. 460; Perry v. Ruby, 81 Va. 317; Robbins v. Armstrong, 84 Va. 810, 6 S. E. Rep. 130; Beecher v. Wilson, 84 Va. 8Í3, 6 S. E. Rep. 209,10 Am. St. Rep. 883; DeFarges v. Ryland, 87 Va. 404, 12 S. E. Rep. 805, 24 Am. St. Rep. 659.
That Domicile Continues Unchanged. — And residence, once established, is presumed to continue until proved to have been changed; therefore, the burden of proving a change of domicile is on him alleging it. Lindsay v. Murphy, 76 Va. 428; Starke v. Scott, 78 Va. 180.
That Person Named Is Original Inventor. — So also, letters-patent issued to a person afford a prima facie presumption that he, who is named as inventor is the original and first inventor of what is described as the improvement; and the burden of proof to sustain an opposite conclusion is on him who denies that such person is the original inventor. Maurice v. Devol, 23 W. Va. 247.
That Ex Parte Settlement Is Correct. — Moreover, there is a prima facie presumption of law that ex parte settlements are correct, and the burden of proof to repel this presumption is on him who alleges the contrary. Wimbish v. Rawlins, 76 Va. 48; Rad-ford v. Fowlkes, 85 Va. 820, 8 S. E. Rep. 817; Nimmo v. Com., 4 Hen. & M. 57, 4 Am. Dec. 488; M’Call v. Peachy, 3 Munf. 289.
That Sum Named in Instrument Is Correct. — So, where an instrument, appearing on its face to be an absolute bill of sale, but which is admitted to have been intended as a security, names a certain sum, that sum is prima facie the amount due the creditor, and the presumption must be repelled by the debtor. Gold v. Marshall, 76 Va. 668.
That Sale and Delivery of Chattel Divests Title.— It has been held that when a slave is sold and delivered, although without a bill of sale, it is to be presumed prima facie, that the seller has parted with his title. If, therefore, he contends that he reserved the title in himself until the purchase *755 money should be paid, the onus probandi lies on him. Randolph v. Randolph. 3 Muni'. 99.
That Persons Are Sane. — All persons are presumed to be sane, and the burden of proving- insanity is on the person alleging- it. See monographic note on ‘■Insanity’* appended to Boswell v. Com.. 20 Gratt. 8[30. Temple v. Temple. 1 Hen. & M. 47(3.
C. PROVING A NEGATIVE — Where the plaintiff, in an action for slander, made affidavit that the defendant engaged to pay certain taxes, and the defendant said that the affidavit was false, and that he would have the plaintiff indicted for perjury, it was held that the burden of proof, at the trial, does not rest on the plaintiff to prove that the defendant engaged to pay the taxes, but it rests on the defendant to prove that the plaintiff's affidavit is false, though such proof involves proof of a negative. Hinchinan v. Lawson, 5 Leigh 695. In this case the court said: “The rule is not universal, which forbids the proof of a negative to be thrown upon a party. It is, indeed, generally true, that the onus probandi lies upon that party who has the affirmative of the issue; a rule founded upon the difficulty, in most cases, and the impossibility in some, of proving a negative. But to this general rule, there are well established exceptions. One of these is, that where the negative involves an affirmative, the burden of proof will rest upon either the one or other party, according to other principles, and without reference to the mere formal character of the negation. Such are the cases of the pleas of infancy, fully administered, beyond the sea. and such like. * * There is another exception to the gen-eralirule. Itis, thatwhere the negative involves a criminal omission in the party, and consequently where the law upon its general principle presumes his innocence, the affirmative of the fact is presumed, and the onus is thrown upon the party alleging the criminal omission.'1 See Gibson v. Jones, 5 Leigh 370.
D. ALIBI. — Although the burden rests upon the commonwealth to make out its case against the accused to the exclusion of any reasonable doubt, yet, where the accused relies upon or attempts to prove an alibi in his defense, the burden of proving the alibi rests upon him. Thompson v. Com., 88 Va. 45, 13 S. E. Rep. 304; State v. Lowry, 42 w. Va. 205, 24 S. E. Rep. 561.
IX. BEST AND SECONDARY EVIDENCE.
A. STATEMENT OF GENERAL RULE.— As a general rule, the best evidence which the nature of the case admits of. must be produced. State v. Gain, 9 W. Va. 559; Fox v. Baltimore, etc., R. Go.. 34 W. Va. 46(3. 12 S. E. Rep. 757: Lee v. Tapscott, 2 Wash. 276; Gilliam v. Perkinson, 4 Rand. 325; Pendleton v. Com., 4 Leigh 694, 26 Am. Dec. 342; Apperson v. Dowdy. 332 Va. 776, 1 S. E. Rep. 105: Ben v. Peete, 2 Rand. 539; Schmertzv. Hammond, 47 W. Va. 524. 35 S. E. Rep. 945.
B. PRIVATE DOCUMENTS.
1. PRODUCTION OF ORIGINAL DOCUMENT.
a. General Hule. — 'Therefore, secondary evidence is inadmissible to prove the contents of a written document, unless the nonproduction of the original is satisfactorily accounted for, which ought to be shown before the evidence of its contents is given to the jury. Lunsford v. Smith, 12 Gratt. 554; Pidg-eonv. Williams, 21 Gratt. 251; Taylor v. Peck, 21 Gratt. 11.
For example, testimony in relation to the correctness of the copy of a paper is not admissible unless the absence of the original paper is accounted for. Lunsford v. Smith, 12 Gratt. 554.
Contents of Private Entry in a Book. — So also, evidence of a, witness giving contents of a private entry
in a book by a person deceased, of payments of money to his children, neither the book nor a copy of the entry being produced, nor the book verified, is not admissible to show such payment, even if the book itself would be evidence. Bennett v. Bennett, 37 W. Va. 396, 16 S. E. Rep. 638, 38 Am. St. Rep. 47.
Contents of Release. — The contents of a release, pleaded but not offered in evidence, may be proved by parol evidence, if no objection is made to such mode of proof. Washington v. Burnett, 4 W. Va. 84.
There is no error, however, in permitting a record of a deed to go in evidence, where the original is in the possession of the party offering such record, without accounting for the original. Robinson v. Pitzer, 3 W. Va. 335.
b. Exception to General Mule — Parol Proof of Admissions. — But an exception to the general rule is that a parol admission by a party to a suit is always receivable in evidence against him, although it relates to the contents of a deed or other written instrument; and even though its contents be directly in issue in the cause. Taylor v. Peck, 21 Gratt. 11.

e. Excuses for Nonproduction of Original.

(1) In General. — It may be stated generally, however, thatwhere the original document is satisfactorily proven to have been lost or destroyed, or in the possession of a nonresident so that its production cannot be compelled by the court, or where it is in the possession of the opposite party, who refuses to produce it on due notice, its contents may be proven by secondary evidence. M axwell v. Light, 1 Call 117; Taylor y. Peyton, 1 Wash. 252; Dawson v. Graves, 4 Call 127; Givens v. Manns, 6 Munf. 191; Smith v. Carter, 3 Rand. 167; Hamlin v. Atkinson, 6 Rand. 574 ; Pendleton v. Com., 4 Leigh (394, 26 Am. Dec. 342; Beirne v. Rosser, 26 Gratt. 537; Timberlake v. Jennings, 1 Va. Dec. 741; Atkinson v. Smith, 2 Va. Dec. 373; Apperson v. Dowdy. 82 Va. 776, 1 S. E. Rep. 105; Foulkes v. Com., 2 Rob. 836; Vinal v. Gil-man, 21 W. Va. 301; Edgell v. Conaway, 24 W. Va. 747; Hall v. Lyons, 29 W. Va. 410, 1 S. E. Rep. 582; State y. Lowry, 42 W. Va. 205, 24 S. E. Rep. 561; Ben v. Peete, 2 Rand. 539. See monographic note on “Forgery and Counterfeiting” appended to Coleman y. Com., 25 Gratt. 865.
(2) Loss or Destruction of Original.
Wills. — Thus, if the record of a will is lost, after proof of the loss, its contents may be proved like any other document by parol and secondary evidence, such being the best evidence the nature of the case admits of. Apperson v. Dowdy, 82 Va. 776, IS. E. Rep. 105. See Smith v. Carter, 3 Rand. 167; Millers y. Catlett, 10 Gratt. 477.
Where the plaintiffs in ejectment claim title through one of several heirs of the original owner, to whom such owner devised it to the exclusion of the other heirs, and the will has been lost, evidence of a witness who has examined the records of the courts where the will would probably be recorded, that such records do not contain any record of the will, is admissible to account for the nonproduction : of the will or a copy. Atkinson v. Smith, 2 Va. Dec. 373.
Receipts. — So, also, if a witness introduced by the plaintilf speaks of receipts which he had taken, the evidence ought to be respected, unless he can show that they were lost, or out of the power of the plaintiff. Hamlin v. Atkinson, 6 Rand. 574.
Deeds. — And, where the original deed and its record are destroyed, the fact that such a deed was made may be proved by secondary evidence; as, for instance, admissions of the grantor in a chancery suit. Reusens v. Lawson, 91 Va. 226, 21 S. E. Rep. 347. See Robinson v. Pitzer, 3 W. Va. 335.
Fraudulent Destruction of Original. - Where a writ *756 ten document is proven to Rave been lost or destroyed, or in the Rands of a nonresident, its contents may Re proven by secondary evidence, unless the destruction was fraudulent. Edgell v. Conaway, 34 W. Va. 747; Vinal v. Gilman, 31 W. Va. 301; Beirne v. Rosser, 36 Gratt. 537.
Evidence oí Loss or Destruction of Original. — It is not necessary that all the possible evidence of the loss or destruction of tbe original paper should be exhausted, tRe sufficiency of such evidence is a preliminary question addressed to the discretion of the judge, and the object of the proof is merely to establish a reasonable presumption of the loss or destruction. Edgell v. Conaway. 24 W. Va. 747. See Beirne v. Rosser, 26 Gratt. 537, opinion of Moncure, P., in which Re discusses the degree of diligence necessary to obtain the original before secondary evidence of its contents may be received.
(3) Original Out of Jurisdiction. — It has been held that proof that a letter is out of the state, taken in connection with evidence showing an effort to obtain it, is a sufficient foundation for the introduction of parol or secondary evidence of its contents. Beirne v. Rosser, 26 Gratt. 537.
(a) In Possession of Nonresident. — When a book of original entries is in the possession of a nonresident, so that its production cannot be compelled by the court, then a copy of such entries, which has been compared with the original entry, and proven to be an exact copy, is the best secondary evidence that can be obtained in the nature of the case, and is, therefore, admissible. Vinal v. Gilman, 21 W. Va. 301, 45 Am. Rep. 563.
(4) Refusal to Produce Original on Notice. — Moreover, the refusal of a party to produce, on due notice, an original document which is in his possession, will authorize the admission of a copy in evidence, on proof of its being a true copy. Maxwell v. Light, 1 Call 117.
Indictment for Burglary. — But upon an indictment for burglary, charging the prisoner with stealing labor tickets, parol evidence of them is admissible without further notice to produce them, wright v. Com., 82 Va. 183.
2. Statutory Provisions. — It is provided by statute that the copy of any record or paper in the clerk’s office of any court, attested by the officer in whose office the same is, may be admitted as evidence in lieu of the original. W. Va. Code, ch. 130, § 5; Va. Code 1887, ch. 164, § 3335; Hinchman v. Ballard, 7 W. Va. 153; Chenowith v. County Court, 33 W. Va. 638, 9 S. E. Rep. 910.
Copy of Contract. — under this statute, it has been held'that the .copy of a contract and specifications may be read in evidence to the jury, especially when the order of the court awarding the contract, directed that the contract be filed in the office of the clerk of the court; the certified copy made by the clerk being doubtless the best evidence obtainable. Chenowith v. County Court, 32 W. Va. 628, 9 S. E. Rep. 910.
3. Effect of Error in Admitting Secondary Evidence. — Though parol evidence of the contents of a book has been admitted, though objected to, without excuse for failing to produce the book, yet, if after exception has been taken, evidence is introduced showing good reason why the book cannot be produced, the error is thereby cured. Pidgeon v. williams, 21 Gratt. 251.
4. Objections in Appellate Court.— But if secondary evidence is introduced without objection in the court below, an objection to it in the appellate court comes too late and will not be considered. Baltimore, etc., R. R. Co. v. Skeels, 3 W. Va. 557; Shue v. Turk, 15 Gratt. 256.
C. PUBLIC DOCUMENTS.
Copies of Records. 1.
a. Rule at Common Law. — At common law the original record must have been produced wherever the-cause was in the same court, a copy, however authenticated, being under no circumstances admissible, unless the original were lost. 4 Min. Insts. (3d. Ed.) 881; Burkv. Tregg, 2 wash. 216; Anderson v_ Dudley, 5 Call 529.
Record Best Evidence. — Where the law requires a. certain document or record to be kept by a public officer as a memorial of a fact, such document or' record is the best evidence of that fact. Battin v. Woods, 27 W. Va. 64, citing Phares v. State, 3 W. Va.. 567.
Records of City Council. — Thus, where work or otheraction of city authorities is claimed to have been done by its authority, the records of the city council are the proper and best evidence, if existent and accessible. Jordan v. City of Benwood, 42 W. Va. 312, 26 S. E. Rep. 266; Childrey v. City of Huntington,. 34 W. Va. 457,12 S. E. Rep. 536. Compare Phillips v. City of Huntington, 35 W. Va. 406, 14 S. E. Rep. 17.
Naturalization. — And it cannot be proven by parol evidence that an alien was admitted to citizenship-in a court of record, but that by inadvertence, or-for any other reason, there was no entry made of it. Dryden v. Swinburne, 20 W. Va. 89.
b. Rule by Statute — 'But the common-law rule has-been changed by statutes which provide that a copy of any record or paper in the clerk’s office of any court or in the office of the secretary of the state, treasurer or auditor, or surveyor of lands in any county, attested by the officer in whose office the same is, may be admitted as evidence in lieu of the original. W. Va. Code, ch. 130, sec. 5; Va. Code 1887, ch. 164, secs. 3334, 3335; Battin v. Woods, 27 W. Va. 58. See Phares v. State, 3 W. Va. 567.
Records of Federal Courts. — It has been held that a similar provision in the West Virginia Code of I86S> applied as well to the records of the district court of the United States held within that state, as to the records of the courts of the state. Dickinson v. Railroad Co., 7 W. Va. 391.
Foreign Records. — Moreover, a copy of a record or paper in the clerk’s office of any court in the state of Virginia, attested by the officer in whose office the same is, is admissible as evidence in West Virginia, though it has not the seal of the court or a certificate of a judge, as required by the act of congress relating to the authentication of records. Thrasher v. Ballard, 33 W. Va. 285.10 S. E. Rep. 411. 25 Am. St. Rep. 894.
Original Records Still Admissible, — Notwithstanding the statute, however, the original record is still competent evidence of its contents, to the same extent as a certified copy is; the copy being allowed, not because it is better evidence than the original, but to avoid the inconvenience of removing the original record from place to place. Thus, it has been held that the original order book of a county court is competent evidence wherever a .certified copy would be. Ballard v. Thomas, 19 Gratt. 14.
Whole Record Not Necessary. — Except in a criminal trial for perjury, it is not necessary to introduce the whole of the record of another case in evidence, but only such parts of it as relate to the matters in issue. White v. Clay, 7 Leigh 68; Wynn v. Harman, 5 Gratt. 157; Masters v. Varner, 5 Gratt. 168, 50 Am. Dec. 114; Dickinson v. Railroad Co., 7 W. Va. 390; McClaugherty v. Cooper, 39 W. Va. 313, 19 S. E. Rep. 415. But see Parsons v. Harper, 16 Gratt. 64, 75, opinion of Judge Lee.
For example, a decree or other extract from the record may be given in evidence without the production of the whole record, where the decree dr *757 'extract so offered satisfactorily establishes the fact it is offered to prove. White v. Olay, 7 Leigh 68; Wynn v. Harman, 5 Gratt. 157; Masters v. Varner, T) Gratt. 168, 50 Am. Dec. 114. See Waggonerv. Wolf, 28 W. Va. 820,1 S. E. Rep. 25.
When Destruction of Record Presumed. — Although the best evidence of a return on an execution is the writ of fieri facias itself, with the endorsement on it by the officer, still where the records of the clerk's office are destroyed, the presumption is that the execution was destroyed with the other records, and the memorandum of the clerk, kept in his office, will be received to prove a return. Brown v. •Campbell, 33 Gratt. 402.
What Is a Public Record. — A public record must be a written memorial intended to serve as evidence •of something written, said or done, made by a public officer authorized by law to make it; but that authority need not be derived from express statutory enactment. Bouv. Law Diet. vol. 2, p. 849; Coleman v. Com., 25 Gratt. 865.
For, whenever a written record of the transactions of a public officer, in his office, is a convenient and appropriate mode of discharging the duties of his office, it is not only his right but his duty to keep that written memorial, whether expressly required to do so or not; and when kept it becomes a public document, or a public record, belonging to the office, not the officer. Coleman v. Coin., 25 Gratt. 865.
Volume of Supreme Court Decisions. — The report of a case in a printed volume of reports of decisions of the court of appeals of Virginia, the original record -of the case having been destroyed, held admissible in evidence to show that such a map as that mentioned in the reports, as Watkins’ map, actually existed, and was in the papers in said cause; and thereby to lay a foundation for the introduction, as further evidence in the cause, of a map purporting to be and certified as a map of Manchester by the ■clerk of the superior court of chancery of the Richmond district. Taylor v. Com., 29 Gratt. 780. c. Abstracts»
From Records of Marriages and Births. — An abstract from the books of the county court containing a record of the marriages and births, duly certified by the proper officer having the custody thereof, are yrmtd facie- evidence of the facts therein stated. Blair -v. Sayré, 29 W. Va. 604, 2 S. E. Rep. 97.
From Tax Books. — Also, certified abstracts from the books, containing the returns of the assessments for taxation of the land and personal property belonging to the defendant in a slander suit, are admissible evidence to show his wealth and influence. Womack v. Circle, 29 Gratt. 192.
From Persona! Property List— But a document not purporting to be a copy or abstract from the assessor’s personal property list, but merely a certificate of a clerk of a county court of the assessment or nonassessment of a peisonor his property in such book, is not admissible in evidence. The personal property book itself is primary evidence. Bartlett v. Patton. 88 W. Va. 71, 10 S. E. Rep. 21. See Jackson v. Conrad, 14 W. Va. 526.
2. COPIES ON PATENTS, SUBVEYS AND DEEDS. —The rule that the best evidence which the nature of the ■case admits of, ought to be produced, though generally true, is, in some cases, inapplicable as it respects titles to lands in this country. For example, a copy of a patent, either from the records of the register's office or of a county court, is as good evidence of title as the original would be. Lee v. Tap-scott, 2 Wash. 276.
And, it has been held that copies of surveys of waste and unappropriated lands, and of patents from the register’s office, are competent evidence in the place of originals. Pollard v. Lively, 4 Gratt. 73.
Copy of Deed. — As to when the copy of a deed is competent evidence in place of the original will be found discussed elsewhere in this series. See mon-ographic note on “Deeds” appended to Fiott v. Com., 12 Gratt. 564.
3. Copies on Stati:tes.
Copies of Journals of Legislature. — The statutes provide that the copies of the journals of either house of the legislature, printed by authority of the legislature, shall be received as evidence for any purpose for which the original journal could be received. W. Va. Code, ch. 130. § 2; Va. Code 1887, § 3329.
Foreign Statutes. — Moreover, a transcript of a statute of another state, authenticated by the certificate of the secretary of the commonwealth, under his hand and seal, accompanied by a declaration of the governor, under the great seal of the commonwealth, that he is secretary, and that full faith and credit ought to be given to his official acts accordingly, is proper evidence to be submitted to the jury, that such copy of the act is the law of that state. Warner v. Com., 2 Va. Cas. 95. See Wilson v. Lazier, 11 Gratt. 477, and note.
Acts of Congress. — And the printed copies of the acts of Congress, distributed to the executives of the several states to be distributed among the people, are proper evidence of the statute therein contained, without further authentication. Taylor v. Bank, 5 Leigh 471.
Copy of Whole Law Unnecessary. — Where a party in a suit in Virginia relies on the law of another state to support his claim, he may produce an authenticated copy of the section only on which he relies, without a copy of the whole law. Hunter v. Fulcher, 5 Rand. 126, 16 Am. Dec. 738.
Foreign Laws. — It seems that the doctrine of primary and secondary evidence does not apply to the introduction of foreign laws as evidence, but that a foreign law, whether written or unwritten, may be proved by a person who is learned in that law, without laying any foundation for the introduction of secondary evidence. Per MONGUEE, J., in Dickinson v. Hoomes, 8 Gratt. 353, 409.
D. PRODUCTION OF ORIGINAL INCONVENIENT. — Upon the general principle that secondary evidence is not admissible where better evidence, or the best evidence is accessible, the secretary of a railroad company cannot be permitted to testify in regard to the result of his examination of the company’s books, as to a certain item of accounts ; the proper mode of proving the account would be a production of the books, or, if this is very inconvenient or impossible, there must be presented to the jury an authenticated copy of such account. Fox v. B. & O. R. Co., 34 W. Va. 466, 12 S. E. Rep. 757.
E. DEGREES OF SECONDARY EVIDENCE. — Although it is a rule of evidence that the best evidence of which the case, in its nature, is su sceptible, s ould be required, still, where there is no substitution of evidence, but only a selection of the weaker instead of the stronger proofs, or an omission to supply all the proofs capable of being produced, the rule is not infringed. For example, a minor may state, on oath, his age to the jury, with a view of proving that he was a minor at the time intoxicating liquors were sold to him. although his father and mother are both living. State v. Cain, 9 W. Va. 559.
In an action against a county for a balance due on a contract to construct a bridge, a member of the court was allowed to testify that the court had accepted the bridge without reading the order from the order book, as that is a fact within his knowl *758 edge. Chenowith v. County Court, 32 W. Va. 628, 9 S. E. Rep. 910.
X.REAL EVIDENCE.
Wounds and Injuries. — In an action to recover damages for injury ato plaintiff’s arm, necessitating its amputation, it is not error to allow the plaintiff to exhibit to the j ury the naked remnant of the arm. Carrico v. W. Va. Cent., etc., R. Co., 39 W. Va. 86,19 S. E. Rep. 571, 24 L. R. A. 50.
XI.EVIDENCE EXCLUDED FROM PUBLIC POLICY.
A. ATTORNEY AND CLIENT — PRIVILEGED COMMUNICATIONS. — See monographic note on “Attorney and Client” appended to Johnson v. Gibbons, 27 Gratt. 632.
B. PROCEEDINGS OP GRAND JURIES. —See monographic note on “Indictments, Informations and Presentments” appended to Boyle v. Com., 14 Gratt. 674.
C. PROCEEDINGS OP PETIT JURIES. —See monographic note on “Juries” appended to Cha-hoon v. Com., .20 Gratt. 733.
XII.ADMISSIONS.
A. PARTIES TO THE RECORD. — The admissions of one of the parties to the' record, whether as plaintiffs or defendants, are competent evidence against all other parties to the suit who have a joint interest in the matter of it, with the party making the admissions. Dickinson v. Clarke, 5 W. Va. 280; Walker v. Pierce, 21 Gratt. 722, opinion of Anderson, J.; Gaines v. Alexander, 7 Gratt. 257, opinion of Daniel, J.; Burton v. Scott, 3 Rand. 399. See Tabb v. Cabell, 17 Gratt. 160.
Parol declarations of a defendant in a suit for freedom, that the plaintiff is free, are admissible evidence of the fact, according to the general rule that the admissions of a party to a suit are evidence against him. Pulton v. Gracey, 15 Gratt. 314.
1. Admissions by Administrators. — But in an action against an administrator,, his declarations and admissions, made before he qualified as administrator, are not competent evidence for the plaintiffs, as the admissions of a party on the record. Gaines v. Alexander, 7 Gratt. 257.
Por the rule that the declarations and admissions of a party to a suit, against his interest, are evidence in favor of the opposite party, does not extend to declarations and admissions made by parties before their interest in the subject-matter of controversy arose. Burton v. Scott, 3 Rand. 399.
B. PRIVIES.
1. Declarations in Disparagement oe Title.
a. In General— Declarations and admissions, made while the declarant is in possession of the property, contemporaneous with the transaction, and against his interest, are admissible, not only against the declarant, but also against persons deriving title through or from him, because of the privity of estate, or identity of interest, that subsists between the parties. Dooley v. Baynes, 86 Va. 644, 10 S. E. Rep. 974; Houston v. McCluney, 8 W. Va. 136; State v. Andrews, 39 W. Va. 35, 19 S. E. Rep. 385.
Declarations oí Hortgagee. — Thus, the declarations by the mortgagee, under whom the defendant claims, that the mortgage was paid off, are admissible evidence on the part of the plaintiff. Walt-hall v. Johnston, 2 Call 275,
b. Declarations of (h'antor before Conveyance. —The declarations of a grantor in a deed in disparagement of his title, if made before he parts with it, are admissible against his grantee. Pry v. Feam-ster, 36 W. Va. 454, 15 S. E. Rep. 253.
To Show Fraud. — But. the declarations of the grantor in a voluntary deed made before the execution of the deed, are not competent evidence | against the grantee in favor of the grantor’s heirs and next of kin, to show that the deed was fraudulently procured. Smith v. Betty, 11 Gratt. 752.
c.Declarations of Grantor after Conveyance— On the other hand, it is well settled that the declarations of the grantor in a deed in disparagement of his title, made after the conveyance, are inadmissible to affect the title of his grantee. Casto v. Fry, 33 W. Va. 449,10 S. E. Rep. 799; Fry v. Feamster, 36 W. Va. 454, 15 S. E. Rep. 253: Thornton v. Gaar, 87 Va. 315,12 S. E. Rep. 753; Crothersv. Crothers, 40 W. Va. 169, 20 S. E. Rep. 927; Robinson v. Pitzer, 3 W. Va. 335; Houston v. McCluney, 8W. Va. 136; Smith v. Betty, 11 Gratt. 752.
Generally, the statements and acts and judicial proceedings, and other transactions to which any one is a party, are evidence against himself or any person claiming to acquire a title or right from him, after such statement or transaction; but they are not evidence against a person having acquired such title or right before. Houston v. McCluney, 8 W-Va. 136.
Fraud. — But the declarations of the grantor in a voluntary deed, made after its execution, are not competent evidence against the grantee, to show that provisions which were intended to be inserted in the deed have been fraudulently omitted. Smith v. Betty, 11 Gratt. 752.

a. Declarations of Former Owner of Chattels.

(i) To Defeat Vendee’s Title,
(a) In General. — As a general rule, the declarations and admissions of a former owner of a chattel or chose in action, made either before or after the sale and conveyance, and not in the vendee’s presence, ai-e inadmissible in evidence to defeat the latter’s title. Vaughan v. Winckler, 4 Munf. 136; Givens v. Manns, 6 Munf. 191; Hodnett v. Pace, 84.Va. 873, 6S. E. Rep. 217; Wustland v. Potterfield, 9 W. Va. 438.
(b) Declarations before Conveyance. — For example, in an action of trespass for unlawfully, and with force of arms, carrying away goods and chattels of the plaintiff, it was held that the declarations and admissions of the plaintiff’s vendor, made prior to the sale and conveyance to him, and not in his presence, are not admissible in evidence against the plaintiff’s possession. Wustland v. Potterfield, 9 W. Va. 438.
(c) Declarations after Conveyance. — So, also, if a proprietor of slaves deliver them to another, who thereupon claims them as sold, any declarations made by the former, after such delivery of possession, and not in the presence of the latter, are not admissible as evidence in opposition to such claim. Givens v. Manns, 6 Munf. 191.
But it has been held that the declarations of a vendor of a slave, made after the sale, are good evidence against the vendee, if they accord with the acknowledgments, of the vendee himself previously made. Hunter v. Jones, 6 Rand. 540.
In trespass for goods taken away, proof by witnesses, that the person of whom the plaintiff bought the goods, was heard to say, before the institution of the suit, that, when he sold them, they belonged to the defendant, is not admissible evidence against thé plaintiff. Vaughan v. Winckler, 4 Munf. 136.
And in detinue for a slave, the defendant having produced a bill of sale to support his title, the plaintiff may prove parol declarations of the defendant, disclaiming title to the slave, under the bill of sale, after he had notice of the plaintiff’s purchase, and before he had perfected his own title by obtaining possession. Fowler v. Lee, 4 Munf. 373. See Smith v. Townes, 4 Munf. 191.
(3) To Support Vendee’s Title. — in an action on a bond against the surety thereof, the declarations *759 oí tlie obligee, not made in the presence of the obligors, that he had transferred the bond to the plaintiff, are hearsay, and inadmissible to prove title in the plaintiff. Hodnett v. Pace, 81 Va. 873, 6 S. E. Rep. 217.
(. Declarations of Donor after Gift. — Declarations of the donor, after the gift, are inadmissible in evidence against his donee. Broch v. Brock, 92 Va. 173, 23 S. E. Rep. 224.
But in an action by the donor in a deed of gift to annul the same for fraud, proof of subsequent declarations and acts of the donor, though not admissible taken singly, may be received, under a total absence of testimony applying to the time of the contract, and in connection with corroborating circumstances, to show that the writing was misunderstood, or misrepresented at the time of the contract. Jones v. Robertson, 2 Munf. 187.
/. Declarations of Assured, before or after Issuance of Policy.— The declarations of one whose life is insured for the benefit of another, in contradiction of his statements in the application for the policy, are mere hearsay, and inadmissible against the beneficiaries, whether these declarations were made before or after the issuing of the policy. Schwarz-baohv. Protective Pifión. 25 W. Va. 622, 52 Am. Rep. 227.
(/. Declarations of Assignor after Assignment — St is well settled that the declarations of an assignor, after assignment, are inadmissible in evidence against his assignee. Brock v. Brock, 92 Va. 173,23 S. hi. Rep. 224; G-inter v. Breeden, 90 Va. 565, 19 S. E. Rep. 656; Barbour v. Duncanson, 77 Va. 76; Daily v. Warren, 80 Va. 512: Hodnett v. Pace, 84 Va. 873, 6S. E. Rep. 217; Smith v. Betty, 11 Gratt. 752; Strother v. Mitchell, 80 Va. 149; Coldiron v. Asheville Shoe Co.. 93 Va. 361, 25 S. B. Rep. 238; Hopkins v. Richardson. 9 Gratt. 485; Wilcox v. Pearraan, 9 Leigh 147; Lewis v. Long, 3 Munf. 136. See monographic note on “Assignments” appended to Ragsdale v. Hagy, 9 Gratt. 409.
C.DECLARATIONS OB AGENTS.
1. In Gkneral. — The declarations and admissions of an agent, made while he is performing an act authorized by his principal, and made during the continuance of the agency, in regard to a transaction then depending et dumferret opus, are admissible in evidence against the principal as part oSres (testa*. If made after the transaction is completed, it is mere hearsay and inadmissible. Virginia, etc., R. Co. v. Sayers, 26 Gratt. 328; Lake v. Tyree, 90 Va. 719,19 S. H. Rep. 787; Jammison v. Chesapeake, etc., R. Co., 93 Va. 327. 23 S. E. Rep. 758; Norfolk, etc., R. Co. v. Suffolk Lumber Co., 92 Va. 413, 23 S. E. Rep. 737; Baltimore, etc., R. Co. v. Christie, 5 W. Va. 325; Coyle v. Baltimore, etc., R. Co., 11 W. Va. 94; Hawker v. Baltimore, etc., R. Co., 15 W. Va. 628; Pisher v. West Virginia, etc., R. Co., 42 W. Va. Í83, 24 S. E. Rep. 570. See Baltimore, etc., R. Co. v. Gallahue. 12 Gratt. 655. and note.
The declarations of an agent made while he is performing the act authorized by the principal, which qualify and characterize the act, are admissible in evidence against the principal as apart of the res gestai. Ttis otherwise if these declarations are made after the transaction has been completed. Lawrence v. DuBois, 16 W. Va. 443, citing Hawker v. Baltimore So O. R. Co., 15 W. Va. 637; Virginia & Tenu. R. Co. v. Sayers, 26 Gratt. 350. See mono-graphic note on “Agencies” appended to Silliinan v. Fredericksburg, etc., R. R. Co., 27 Gratt. Í19.
insurance Agents. — As an insurance company can transact its business only through its officers and agents, their acts and declarations, made within the scope ol‘ their employment, will bind the principal. Muhleman v. Nat. Ins. Co., 6 W. Va. 509; Continental Ins. Co. v. Kasey, 25 Gratt. 268.
Authority of Agent. — In an action by a brakeman for an injury received in a collision, evidence of the result of an investigation by, an agent of the railroad into the causes of the accident is inadmissible, where it does not appear that the agent had authority to conduct the investigation, nor that its result would have any binding force upon any one, nor that the rules of evidence were complied with in conducting the investigation. Eastburn v. Norfolk, etc., R. Co., 34 W. Va. 681, 12 S. E. Rep. 819. See Baltimore, etc., R. Co. v. Gallahue, 12 Gratt. 655, 65 Am. Dec. 254.
Declarations of Bank Cashier. — And the declarations of the cashier of a bank, made after the acceptance of a note by the bank, touching the conditions upon which the note was delivered to the bank, are irrelevant and immaterial, -where it appears that he was not present when the negotiations took place. Greever v. Bank, 99 Va. 547, 39 S. E. Rep. 159.
Admissions of General Hanager of Corporation. — The testimony of a witness that in a conversation with the general manag-er of a defendant company in a libel suit, such general manager admitted that his company had no right to stop the plaintiff’s money, and that the purpose of the alleged libelous letter was to injure the plaintiif’s business, is hearsay, and inadmissible. Reusch v. Roanoke Cold Storage Go., 91 Va. 584, 22 S. E. Rep. 358.
Fraud — Declarations before and after Transactions. -'Declarations of a person who has been the agent in procuring a deed for another, made either before the negotiation for the deed was commenced, or after the execution of the deed is completed, are incompetent evidence against the grantee in the deed, to show that provisions which were intended to be inserted in the deed, have been fraudulently omitted. But acts and declarations of such person made while the negotiation was pending, or the deed was in process of execution, are competent evidence against the grantee to show fraud. .Smith v. Betty, 11 Gratt. 752.
2. Declaration of Agent to Prove Agency. —But neither the declarations of a man. nor his acts can be given in evidence to prove that he is the agent of another. Poore v. Magruder, 24 Gratt. 197.
According to the rale that the declarations and admissions of an agent are inadmissible until the fact of agency is proved, it is error to allow a witness to testify that he heard G. tell S. that the defendants desired him to testify in the case and that they might give him some money, where there is no proof that G. is the defendant’s agent. Myers v. Trice, 86 Va. 835, 11 S. E. Rep. 428.
D. HUSBAND AND WIFE.
1. StatbmjeNT of General Rrle.’“The general rule is, that the declarations and admissions of the wife are inadmissible evidence against her husband. Wright v. Rambo, 21 Gratt. 158; Sheppard v. Starke, 3 Munf. 29. See monographic note on “Husband and Wife” appended to Cleland v. Watson, 10 Gratt. 159.
E. PRINCIPAL OBLIGOR AGAINST SURETY — In an action against a surety on a bond, evidence of the declarations of the principal obligor, not made in the presence of the surety, that the bond had not been paid, is hearsay and inadmissible against the surety. Hodnett v. Pace, 84 Va. 873, 6 S. E. Rep. 217.
But the acts, declarations and admissions of the principal obligor in a bond, done and made at the time of its delivery, are evidence against his sureties on the bond, though he is dead, and therefore, not a party to the suit Walker v. Pierce, 21 Gratt. 722.
*760 F. PARTIES JOINTLY INTERESTED.
1. In General. — 1The general rule is well settled that the admissions of one of the parties to the record, whether as plaintiff or defendant, are competent evidence against all other parties to the suit, who have a joint interest in the matter of it, with the party making the admissions; hut admissions hy one who is not a party to the suit, though jointly interested in the suhj ect-matter thereof with the the parties to the record, or some of them, are, it seems, incompetent. Dickinson v. Clarke, 5 W. Va. 280; Walker v. Pierce, 21 Gratt. 722, 732.
Admissions Incompetent to Prove Joint Interest.— But the admissions of one party whether he he a party to the record or not, are incompetent to establish the fact of such joint interest with other parties to the suit. That fact must first be made out by independent testimony; and, until that is done, such admissions can only be evidence against the party making them. Dickinson v. Clarke, 5 W. Va. 280.
2. Devisees. — By the weight of authority, the declarations, admissions, and conversations of one devisee, cannot be admitted in evidence against his co-devisees. Korney v. Ferrell, 4 W. Va. 729.
8. Heirs. — But the acknowledgment in- writing of some of the heirs, that the audited account of an administrator is just, will not suffice to establish it against the others; such account must be established as against all the heirs, or it cannot avail as to any. Street v. Street, 11 Leigh 498.
4. Trustee and Cestui Que Trust. — Nor are the declarations to a third person, of a trustee in a deed of trust upon land, made to secure the payment of money due from the deed of trust debtor to his creditor, that the debt so secured has been paid, admissible as evidence against the cestui Que trust, as tending to prove the payment or nonexistence of the trust debtor for the purpose of stopping the cestui que trust from asserting his debt against the property covered by the deed of -trust. Calwell v. Prindle, 19 W. Va. 604.
5. Partners. — On the other hand, the acts and declarations of each member of a partnership, in furtherance of the common object of the association, and the admissions by one partner after the dissolution, in regard to the business of the firm, previously transacted, are binding on the firm, wilson v. McCormick, 86 Va. 995. 11 S. E. Rep. 976, citing 1 Greenl. Ev. § 112. See monographic note on “Partnership” appended to Scott v. Trent, 1 wash. 77.
Although the acknowledgment of the debt by one or more of the partners of a mercantile firm, after the dissolution thereof, is competent to do away the bar of the act of limitations, in an action brought against the firm, the existence of the debt being first proved by other testimony, or admitted by the pleadings; yet, such acknowledgment is not proper evidence of the existence of the debt, so as to charge the other partners. Shelton v. Cocke, 3 Munf. 191.
6. CO-CONSPIRATORS.
a. In General. — TX is well-settled that when two or more persons conspire together for an illegal purpose, the acts and declarations of any one of them, in furtherance of the common object, are evidence against the others. Sands v. Com., 21 Gratt. 871; Danville Bank v. Waddill, 31 Gratt. 469, 484; Claytor v. Anthony, 6 Rand. 285; Ellis v. Dempsey, 4 W. Va. 126.
But before such evidence can be admitted, a foundation for its introduction must first be laid, by establishing, prima facie, the fact of the conspiracy, or combination between the parties. Carskadon v. Williams, 7 W. Va. 2; Claytor v. Anthony, 6 Rand. 300; Danville Bank v. Waddill, 31 Gratt. 469; State v. Cain, 20 W. Va. 679; Williamson v. Com., 4 Gratt. 547; Brown v. Com., 86 Va. 935, 11 S. E.'Rep. 799.
For example, it was held in Triplett v. Goff, 83 Va. 784, 3 S. E. R6p. 525, that as between parties to a suit in which a defense set up claims relief upon the ground of fraud, the party against whom relief is claimed, must be shown to have participated in the fraud, before the acts and conversations of other participants can be admissible in evidence against him.
Reversal of Judgment. — it has been held, however, that although evidence of the declarations of an alleged co-conspirator be admitted without the proper foundation being laid, yet the judgment will not be reversed for this reason, if the facts proved or evidence certified shows that, prima facie, the fact of conspiracy was established. State v. Cain, 20 W. Va. 679.
b. Admissions after Conspiracy Completed. — But, after the conspiracy has been consummated, and the common purpose carried fully into effect, no subsequent declarations of any of the conspirators not made in the presence of the others, are admissible as evidence against the latter. Danville Bank v. Waddill, 31 Gratt. 469; Oliver v. Com., 77 Va. 590; State v. Cain, 20 W. Va. 680; State v. Goodwin, 32 W. Va. 177, 9 S. E. Rep. 85.
Confessions or admissions of an accomplice in a felony, made after the commission and completion of the offence charged, are not competent evidence against a prisoner, even though a previous conspiracy and combination between the prisoner and the accomplice to commit the felony has been proved. Hunter v. Com., 7 Gratt. 641, 56 Am. Dec. 121. See Jones v. Com., 31 Gratt. 836, and note.
7. Strangers. — The receipt, or even the verbal statement, of a person entitled to receive money, that he has received it, can be given in evidence as to the fact of payment in a controversy between other parties as to that payment. Lee v. Virginia, etc., Co., 18 W. Va. 299; Holladay v. Littlepage, 2 Munf. 316.
G. WHAT ADMISSIONS ARE RECEIVABLE.
1. Admissions for Sake oe Compromise. — Admissions made by a party for the sake of or with a view to a compromise, and offers to pay money by way of compromise to get rid of an action, if not accepted, cannot be given in evidence against the party making them. lAm. & Eng. Enc. Law (2d Ed.) p. 714; Brown v. Shields, 6 Leigh 440; Williams v. Price, 5 Munf. 507; Baird v. Rice, 1 Call 18.
2. Judicial Admissions. — A record may be admitted in evidence in favor oí a stranger against one of the parties, as containing a solemn admission or judicial declaration by such party in regard to a certain fact. But in that case it is admitted not as a judgment conclusively establishing that fact, but as the deliberate declaration or admission of the party himself that the fact was so. 1 Greenl. Ev. § 527; Lee v. Virginia, etc., Co., 18 W. Va. 299; Ray v. Clemens, 6 Leigh 600; Breathed v. Smith, 1 Pat. & H. 301; Honaker v. Howe, 19 Gratt. 50; Trogdon v. Com., 31 Gratt. 862, 880.
H. PROOF. — When the admission of a party is the foundation of a claim asserted against him, the whole of his statement must be taken together. Perkins v. Lane. 82 Va. 59.
The mere admission of a debt is not sufficient to charge the defendant with the whole demand of the plaintiff; he must, nevertheless, prove the amount. Quarles v. Littlepage, 2 Hen. & M. 401,3 Am. Dec. 637.
Weight as Evidence. — The general rule with respect to verbal admissions, is that they ought to be received with caution. Yet, when they are deliberately made, and precisely identified, they afford evidence of the most satisfactory nature. Horner *761 v. Speed, 2 Pat. & H. 616; Dooley v. Baynes, 86 Va. <614. 10 S. E. Rep. 974; Snodgrass v. Com., 89 Va. 679, 17 S. E. Rep. 238.
The admissions of parties given in open conrt are not only»admissible evidence, bat are evidence of the most satisfactory character to establish the payment of a debt, or the satisfaction of a lien. Little v. Slemp. 2 Va. Dec. 545.
But admissions made in a casual conversation are intrinsically weak, and are inconclusive to establish a fact, Without the aid of other testimony. Horner v. Speed. 2 Pat. & H. 616.
XEH. PAROL EVIDENCE.
A. STATEMENT OF GENERAL RULE.
1. At Law. — The general rule is well settled that parol evidence of prior or contemporaneous oral negotiations or stipulations, is inadmissible to vary, contradict, add to, or explain the terms of a complete, unambiguous, written instrument. Buena Vista Go. v. Billmyer, 48 W. Va. 382, 37 S. E. Rep. 583; Knowlton v. Campbell, 48 W. Va. 294, 37 S. E. Rep. 581; Camden v. McCoy, 48 W. Va. 377, 37 S. E. Rep. 637; Martin v. Monongahela R. Co., 48 W. Va. 542, 37 S. E. Rep. 563; Hukill v. Guffey, 37 W. Va. 425. 16 S. E. Rep. 515; Hurst v. Hurst, 7W. Ya. 340; McGuire v. Wright, 18 W. Va. 507; Long v. Ferine, 41 W. Va. 314, 23 S. E. Rep. 611; Crawford v. Jarrett. 2 Leigh 630; Watson v. Hurt, 6 Gratt. 633; Towner v. Lucas, 13 Gratt. 705; Tuley v. Barton, 79 Va. 387; Shirley v. Rice, 79 Va. 442; French v. Williams, 82 Va. 463, 4 S. E. Rep. 591; Bruce v. Slemp, 82 Va. 352, 4 S. E. Rep. 692; Ins. Co. v. Gamble, 94 Va. 622, 27 S. k Rep. 463; ■Oatt v. Olivier, 98 Va. 580, 36 S. E. Rep. 980; Hubble v. Cole, 85 Va. 87, 7 S. E. Rep. 242; Hughes v. Tinsley, 80 Va. 259; Scott v. Norfolk, etc., R. Co., 90 Va. 241, 17 S. E. Rep. 882; Ratcliffe v. Allison, 3 Rand. 537; Hardin v. Kelley, 89 Va. 332, 15 S. E. Rep. 894; Allen v. Crank, 2 Va. Dec. 279.
See monographic note on “Deeds” appended to Fiotl v. Com., 12 Gratt. 564, and monographic note on “Insurance, Fire and Marine,” appended to Mutual, etc., Soc. v. Holt. 29 Gratt. 612.
Merger of Prior or Contemporaneous Negotiations and Stipulations. — Where parties have made a written agreement, the writing is regarded as the exclusive evidence of the contract, and all oral negotiations and stipulations preceding or accompanying the execution of the written agreement are merged in it, and are inadmissible in evidence. Providence Washington Ins. Co. v. Board of Education, 49 W. Va. 360, 38 S. E. Rep. 679.
Bonds and Deeds off Trust. — Thus, parol evidence is not admissible to prove that bonds and deeds of trust were not to be paid and executed according to their terms, but were only to be paid out of the prolits of the proi>erty for the price of which they were given. Sangston v. Gordon, 22 Gratt. 755.
Assignment. — So, the terms of a written assignment of a bond cannot be altered by parol evidence. Houston v. McNeer, 40 W. Va. 865, 22 S. E. Rep. 80.
Contract of Subscription. — And parol evidence is inadmissible to vary a written contract of subscriptions by adding thereto conditions. Little Kanawha Navigation Co. v. Rice, 9 W. Va. 636.
Joint Purchase of Land. — In the case of a joint purchase of land by two, parol evidence is not admissible to prove an agreement between them for an unequal division of the land. Jarrett v. Johnson. 11 Gratt. 327.
Unconditional Agreement to Pay Money. — Under a well-settled rule of law, a party who has covenanted or agreed in writing to pay money unconditionally, cannot prove that there was a contemporaneous parol agreement that it was not to be paid, or was to be paid in a manner different from that provided for in the covenant or writing. Triplett v. Woodward, 98 Va. 188, 35 S. E. Rep. 455. See Watson v. Hurt, 6 Gratt. 633.
And the rule that parol evidence is inadmissible to alter, add to, or explain a written agreement applies in every case where the question is, what is the agreement. Ratcliffe v. Allison, 3 Rand. 537.
Terms of Contract Supplied by Law. — Moreover, the general rule that parol evidence is inadmissible to vary or contradict the terms of a valid written instrument applies, though the terms sought to be varied are supplied by the law governing the contract. and not by its express terms. Calhoun v. Wilson, 27 Gratt. 639.
Evidence Tending to Confirm Contract. — But parol evidence, which does not tend to vary the written contract of the parties, but tends to confirm it, is admissible. Southern Mut. Ins. Co. v. Trear, 29 Gratt. 255.
2. Inequity.
Fraud, Accident, or Mistake. — And the general rule is also applicable in equity, in the absence of fraud, accident, or mistake. Thus, the rule in equity may be stated as follows: In the absence of fraud, accident. or ímistake, parol evidence of prior or contemporaneous oral negotiations or stipulations, is inadmissible to vary, contradict, add to or explain the terms of a valid written instrument. Lockwood v. Holliday, 16 W. Va. 651; Crislip v. Gain, 19 W. Va. 440; Hukil] v. Guffey, 37 W. Va. 425, 16 S. E. Rep, 545: Long v. Ferine, 41 W. Va. 314, 23 S. E. Rep. 611; Howell v. Behler, 41 W. Va. 610,24 S. E. Rep. 646; Knowl-ton v. Campbell, 48 W. Va. 294, 37 S. E. Rep. 581; Crawford v. Jarrett, 2 Leigh 630; Towner v. Lucas, 13 Gratt. 705; Woodward v. Foster, 18 Gratt. 204; Allen v. Crank, 2 Va. Dec. 279; Tait v. Cent. Lunatic Asylum, 84 Va. 271, 4 S. E. Rep. 698; Richardson v. Flanters’ Bank, 94 Va. 130, 26 S. E. Rep. 413; Slaughter v. Smither, 97 Va. 202, 33 S. E. Rep. 544; Barnett v. Barnett, 83 Va. 504, 2 S. E. Rep. 733.
In the absence of fraud, accident or mistake, the terms of a deed cannot be varied by parol evidence of what occurred between the parties either before or during its execution, all prior contracts, written or oral, between them, being merged in the subsequent deed. Shenandoah Val. R. R. Co. v. Dunlop, 86 Va. 316, 10 S. E. Rep. 239.
The general rule is that parol evidence cannot be admitted to contradict, explain, or alter a written agreement, but may be received to prove fraud, mistake or surprise, in the execution of it. In the latter case, however, the evidence must be strong and clear. M’Mahon v. Spangler, 4 Rand. 51.
Fraud. — The fraud which will let in such evidence must be fraud in the procurement of the instrument which goes to its validity, or some breach of confidence in using a paper delivered for one purpose by fraudulently perverting it to another. Towner v. Lucas, 13 Gratt 705; Hukill v. Guffey, 37 W. Va. 425, 16 S. E Rep. 545; Slaughter v. Smither, 97 Va. 202, 33 S. E. Rep. 544.
Thus, in a proceeding to construe a contract by which the plaintiff sold to defendant “all the timber” on an estate, testimony that at the time of its execution there was a contemporaneous understanding that the contract included only “pine” timber is inadmissible, where no fraud was shown in its procurement. Allen v. Crank, 2 Va. Dec. 279.
Promise Not to Enforce Rights. — In the absence of fraud, parol evidence is inadmissible to show that the obligee contemporaneously with the execution of a bond, promised not to enforce it as against one of the parties who executed it. Towner v. Lucas, 13 Gratt. 705; Barnett v. Barnett, 83 Va. 504, 2 S. E. Rep. 733.
Release of Covenant — In the absence of fraud or *762 mistake, parol evidencg cannot be admitted to show that an endorsement made on a sealed agreement in these words: “All matters and things embraced in the within contract have been fully adjusted and settled, and this contract is, for value received, declared, ended and settled,” and signed by the parties, was intended to refer only to money accounts 'between those parties, and not to include a covenant therein contained on the part of the party paying the consideration for the release, not to engage in a certain business for a certain period. Bonsack Machine Co. v. Woodrum, 88 Va. 512,13 S. E. Rep. 994.
To Impeach Evidence under Seal. — Parol evidence is admissible to impeach evidence under seal, on the ground of fraud. Starke v. Littlepage, 4 Rand. 368.
Sale in Gross or by Acre. — -Where the contract of sale is in writing and unambiguous, no parol evidence of any character can be received to prove that the parties intended a sale by the acre, if on the face of the contract it is a’sale in gross. But though the contract be in writing and unambiguous, and is a sale in gross, yet, if the pleadings show that the issue between them is, whether the vendor did misrepresent the number of acres in the land by the contract to the prejudice of vendee, any sort of parol evidence, which tends to establish such fraud, may be received, even though it tends to contradict the written contract, as by showing that the land was considered by the parties as sold by the acre. Depue v. Sergent, 21 W. Va. 327, 337; Crislip v. Cain, 19 W. Va. 438, 549. Both these cases cited with disapproval Caldwell v. Craig, 21 Gratt. 132. See Hansford v.- Coal Co., 22 W. Va. 71.
Mistake. — Parol evidence is admissible to prove a material mistake of facts in a written instrument, though it is denied in the answer. But the evidence must be clear and strong, so as to establish the mistake to the entire satisfaction of the court. Allen v. Yeater, 17 W. Va. 128; Koen v. Kerns, 47 W. Va. 575, 35 S. E. Rep. 902; Knowlton v. Campbell, 48 W. Va. 294, 37 S. E. Rep. 581.
3. Records.
Court Records. — Parol evidence is inadmissible to contradict a court record, unless it has a tendenc3r to establish fraud. Vaughn v. Com., 17 Gratt. 386; Quinn v. Com., 20 Gratt. 138; Chesapeake, etc., R. Co. v. Rison, 99 Va. 18, 37 S. E. Rep. 321; Beeson v. Stephenson, 7 Leigh 107.
Execution Book. — The execution book kept by a clerk of court may be contradicted by parol. Taylor v. Dundass, 1 Wash. 92.
But an unauthorized interlineation or spoliation of a record may be proven by parol testimony. Despard v. County, 23 W. Va. 318, 322, citing State v. Vest, 21 W. Va. 796; Herring v. Lee, 22 W. Va. 661.
4. NEGOTIABLE INSTRUMENTS.
To Vary or Contradict Endorsement. — Parol evidence cannot be received to vary or contradict the legal effect of the endorsement of negotiable paper. Riverview Land Co. v. Dance, 98 Va. 240, 35 S. E. Rep. 720; Citizens’Nat. Bank v. Walton, 96 Va. 435, 31 S. E. Rep. 890; Woodward v. Poster, 18 Gratt. 200; Watson v. Hurt, 6 Gratt. 633; Martin v. Lewis, 30 Gratt. 672, 32 Am. Rep. 682.
Watson v. Hurt, 6 Gratt, 633, was the case of an endorsement in blank by a person other than the payee, which was held to import a guarantee of payment, according to the terms of the note on which the endorsement was made. It was held, that the contract thus imported could not be varied by evidence of a contemporaneous parol agreement that the endorser was to be bound on different terms as to the time of the payment.
And, in an action by an endorsee against his immediate endorser, upon a protested bill, parol evidence of an agreement between them, at the time of the endorsement, which would vary the legal liability of the endorser under his endorsement, is inadmissible. Woodward v. Poster, 18 Gratt. 200.
But parol evidence is admissible to show that a stranger, who endorses negotiable paper at the time it is made,, intended to bind himself only as guarantor, or even as second endorser, and thus limit his liability. Burton v. Hansford, 10 W. Va. 470, 27 Am. Rep. 571.
Authority of Clerk to Refuse Acceptance of BUI. — Pa-rol evidence that the clerk of the drawee of a bill' of exchange was authorized to refuse acceptance of the bill, is admissible in an action by the holder against the endorser. Stainback v. Bank, 11 Gratt. 260.
5. Leases. — As a lessee has until the expiration of his lease to fulfil his contract for repairs upon the leased premises, if no time is specified, parol evidence is inadmissible to prove a verbal agreement on his part to make them at an earlier period. Col-houn v. Wilson, 27 Gratt. 639.
And the lessee, in an action of assumpsit against his lessor for damages sustained by reason of the failure of his lessor to repair, will be confined to the terms of the written contract declared upon, and cannot recover upon a verbal contract or understanding made or had contemporaneously with the written lease. Kline v. McLain, 33 W. Va. 32, 10 S. E. Rep. 11.
But whether or not certain premises are parcel of the demised premises in a lease, if not ascertained by the written contract, is always open to extrinsic evidence. Crawford v. Morris, 5 Gratt. 90.
B. EXCEPTIONS TO GENERAL RULE.
1. Receipts. — The rigor of the rule that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument, has been relaxed in its application to receiptsas contradistinguished from contracts inter varies. So far as receipts are mere admissions of payment or delivery, they are merely prima facie evidence of the fact, and may be contradicted by parol testimony; but so far as they are Evidence of a contract, they stand on the footing of other written contracts, and cannot be contradicted by parol. Tuley v. Barton, 79 Va. 387; Dolan v. Frei-berg, 4.W. Va. 101; Dunlap v. Shanklin, 10 W. Va- 662.
A receipt, so far as it is a mere admission, is not conclusive evidence of the payment therein acknowledged, but the party signing it may invalidate it by oral evidence of fraud, or of mistake or surprise on his part: for the document amounts only to prima facie proof, and is capable of being explained. Cushwa v. Imp., etc., Assn., 45 W. Va. 490, 32 S. E. Rep. 259, citing 2 Tayl. Ev. § 1134.
2. Collateral Facts and Circumstances. — Parol evidence is also admissible when it is not offered with the view to contradict, vary, or explain the language emplo37ed in the written instrument, but to establish a fact or circumstance collateral to the writing, which would control its effect and operation as a binding agreement. Wendlinger v. Smith, 75 Va. 309, 40 Am. Rep. 727. See Ratcliffe v. Allison, 3 Rand. 537.
3. Additional Independent Facts. — And parol evidence is admissible to show additional independent facts, contemporaneously agreed upon and not inconsistent with or contradictory of the contract, so far as reduced to writing. Tuley v. Barton, 79 Va. 387; Brent v. Richards, 2 Gratt. 542.
' Measurement of Logs. — Where a written contract shows that logs are purchased at a given price per cubic foot, no mode of measurement being specified by it, evidence is admissible to prove a contempo- *763 raucous oral agreement that a certain mode of measurement is to be applied. Johnson v. Burns, 39 W. Va. 658,30 S. IS. Rep. 686.
Hire Bond. — The true function of an ordinary hire “bond is not to stipulate for the mode in which the slave is to he employed, hut to hind the bailee for the payment of the hire: the execution of a bond or note for the price does not extinguish so much of the contract of hiring as may relate to the manner in which the slave is to he employed; hence parol evidence showing that there were restrictions as to the mode of employing the slave does not vary or contradict the written instrument, hut is consistent with it. and may he properly admitted. Howell v. Cowles, 6 Gratt. 393: Towner v. Rucas, 13 Gratt. 705; Harvey v. Slupwith, 16 Gratt. 410.
Lease. — But where a lessee has, by his written contract with his lessor, until the end of his term to make repairs, a verbal agreement to make them at an earlier period is inconsistent with his written contract, and therefore does not come within the exception to the general rule, that parol evidence may he introduced when it establishes an agreement additional to hut consistent with the written agreement. Colhoun v. Wilson, 37 Gratt. 639.
4. Resulting- Trusts. — it is a well established rule in equity, that where one person buys an estate with another’s money, and takes the conveyance in his own name, a trust results by presumption of law in favor of him with whosemoney the purchase was made, which trust may be established by parol evidence, provided the proof is clear and explicit. Such trusts are unaffected by the statute of frauds. Bank v. Carrington, 7 Leigh 566 : Phelps v. Seely, 22 Gratl. 573 ; Borst v. Nalle, 28 Gratt. 423 ; Miller v. Blose, 30 Gratt. 711; Kane v. O’Connors, 78 Va. 76; Sinclair v. Sinclair, 79 Va. 40 ; Parker v. Logan, 82 Va. 376, 4 S. E. Rep. 613 ; Donaghe v. Tams, 81 Va. 133 ; Moorman v. Arthur, 90 Va. 455, 18 S. E. Rep. 869 ; Throckmorton v. Throckmorton, 91 Va. 42,22 S. K. Rep. 163 ; Smith v. Patton, 12 W. Va. 542 ; Troll v. Carter, 15 W. Va. 567 ; Murry v. Sell, 23 W. Va. 475 ; Bright y. Knight, 35 W. Va.40, 18 S. E. Rep. 63 ; Seiler v. Mohn, 37 W. Va. 507.16 S. E. Rep. 496 ; Currence v. Ward, 13 W. Va. 367, 27 S. E. Rep. 329.
And In Walraven v. Lock, 2 Pat. & H. 547, Judge N A.SR was of opinion that the law in Virginia has been settled that parol evidence may be received to prove express as well as implied trusts, and that the statute of frauds has no application to either. See Currence v. Ward, 4 W. Va. 367, 27 S. E. Rep. 329.
5. date of Delivery of Deed. — Parol evidence is always admissible to show that a deed was not delivered on the day of its date, but on a different day, and to show the real nature and character of the consideration. Bruce v. Slemp, 82 Va. 352. 4 S. E. Rep. 692 ; Summers v. Dame, 31 Gratt. 791, 804. See monographic note on “Deeds” appended to Fiotl v. Com., 12 Gratt. 564.
6. Deuivery upon Condition. — So also, parol evidence is admissible between the original parties to show that notes were delivered on conditions which have not been fulfilled. This does not vary or contradict the notes. Cattv. Olivier, 98 Va. 580, 36 S. E. Rep. 980 ; Woodward v. Poster. 18 Gratt. 200. See monographic note on “Bonds” appended to Ward v. Churn, 18 Gratt. 801.
Parol evidence is admissible to establish the fact that there was no valid delivery of a note sued on, or a delivery thereof for a special purpose only. Solenberger v. Gilbert, 86 Va. 778, 11 S. E. Rep. 789.
Where an executor contracted to sell land by a contract perfect and absolute on its face, but annexed was a paper purporting to be an approval of the contract by the devisees, signed and sealed by four, and with five other seals with no names attached, it was held that parol evidence was competent to show that the written approval of the nine devisees was a condition of the contract. Wendlin-gerv. Smith, 75 Va. 309, 40 Am. Rep. 727.
And parol evidence is admissible to show that an agreement to grant a right of way for a railroad was delivered to the president of the road, to take effect only upon the happening of a condition which is shown never to have happened. For example, an agreement to grant a right of way for a railroad through certain land, in consideration of the construction of the road, may be shown by parol evidence to have been delivered to the president, on condition that it should not be used unless the withholding of it would defeat the building of the road, or the board of directors of the road should make compensation for the right of way. Humphreys v Richmond, etc., R. Co., 88 Va. 431, 13 S. E. Rep. 985.
7. Evidence to Prove Subsequent Agreements, —Where suit has been brought on a written contract, oral evidence may be introduced to prove a new and distinct agreement upon a new consideration, whether it be a substitute for the old contract or in addition to and beyond it. Shepherd v. Wysong, 3 W. Va. 46. See Jarrett v. Nickell, 9 W. Va. 345.
8. Evidence of Consideration. — This point has been fully treated elsewhere in this series. See monographic note on “Consideration” appended to Jones v. Obenchain, 10 Gratt. 259.
O. EFFECT OF RULE ON THIRD PARTIES. -The rule excluding parol evidence to contradict a written instrument, cannot affect third parties, Who are not precluded by recitals in written contracts between others, from showing what was the real transaction. Bruce v. Roper Lumber Co., 87 Va. 381, 13 S. E. Rep. 153, 24 Am. St. Rep. 657.
D. ADMISSIBILITY OF PAROL EVIDENCE TO AID I INTERPRETATION.
1. Ambiguities.

a. Patent Ambiguity.

(i) General Rule.- -The general rule is that parol evidence is inadmissible to explain the patent ambiguities of a written instrument. Gatewood v, Burrus, 3 Call 194.
(a) Evidence of Surrounding Circumstances. — But where a written instrument is equivocal and ambiguous in its terms, parol evidence of the surrounding circumstances existing at the time of its execution or of facts collateral thereto, may be admitted to show the real intention of the parties. Crawford v. Jarrett, 2 Leigh 630; Knick v. Knick, 75 Va. 12; French v. Williams, 82 Va. 462, 4 S. E. Rep. 591; Talbott v. Richmond, etc., R. Co., 31 Gratt. 685; Bank v. McVeigh, 32 Gratt. 531; Richardson v. Planters’ Bank, 94 Va. 130, 26 S. E. Rep. 413; Crislip V. Cain, 19 W. Va. 441; Hansford v. Coal Co., 22 W. Va. 71; Titchenell v. Jackson, 26 W. Va. 460; Capertonv. Oap-erton, 36 W. Va. 479,15 S. E. Rep. 258; Scraggs v. Hill, 37 W. Va. 706, 17 S. E. Rep. 185; Knowlton v. Campbell, 48 W. Va. 294, 37 S. E. Rep. 581. See Bierne v. Erskine, 5 Leigh 62; Reherd v. Clem, 86 Va. 374,10 S. E. Rep. 504.
For example, the word “increase” without the word “future” prefixed, in a bequest of a female slave is ambiguous; and, if the intention of the testator in using it cannot be ascertained from the whole will taken together, parol evidence is admissible to explain it. Reno v. Davis, 4 Hen. & M. 283.
In Crawford v. Jarrett, 2 Leigh 630, it was held that in cases of equivocal written instruments, the circumstances under which they were made may be let in to explain their meaning. In that case parol evidence of the time and manner of the execution and delivery of the written promise was admitted to show, that a party who had signed but whose name *764 was not in the body of the instrument, was jointly bound with those named. There no new words were added to the instrument. The proof was consistent with the terms of the instrument, and the only effect of the oral evidence was to enable the court to read the writing by the light of surrounding circumstances, that it might ascertain the meaning of the parties.
Misspelling or illegibility of Name. — And when, on account of the misspelling or illegibility of the name of the obligee or obligor of a bond, or of the mater or payee of a note, it is doubtful who the person intended is, parol evidence of the surrounding circumstances is admissible, so that the court may be placed as nearly as possible in the situation of the party whose written language is to be interpreted, and thus ascertain the person intended by the name employed. Ambach v. Armstrong, 29 W. Va. 744, 3 S. E. Rep. 44.
Denial in Answer. — On a bill to compel the specific execution of a written agreement, if the defendant, in his answer, denies that interpretation thereof which appears obvious according to its words, parol evidence on the part of the complainant is admissible to explain it. Coutt v. Craig, 2 Hen. & M. 618.
Contract Unambiguous. — But if the intention of the parties to a written contract is plainly expressed and the contract is free from ambiguity, it will be enforced without resorting to parol proof of the surrounding circumstances. Hurst v. Hurst, 7 W. Va. 289; McGuire v. wright, 18 W. Va. 507; Depue v. Sergent, 21 W. Va. 327; Long v. Ferine, 41 W. Va. 314, 23 S. E. Rep. 611; Camden v. McCoy, 48 W. Va. 377, 37 S. E. Rep. 637; Martin v. Monongahela R. Co., 48 W. Va. 542, 37 S. E. Rep. 563; Bowyer v. Martin, 6 Rand. 525; Harris v. Carson, 7 Leigh 639: Tait v. Cent. Lunatic Asylum, 84 Va. 271, 4 S. E. Rep. 698; Norfolk Trust Co. v. Foster, 78 Va. 413; Hughes v. Tinsley, 80 Va. 259. See Gross v. Criss, 3 Gratt. 262.
Parol evidence of prior or contemporaneous verbal contracts or promises is not admissible to vary, contradict, or explain the terms or consideration of a complete, unambiguous written contract. Buena Vista Co. v. Billmyer, 48 W. Va. 382, 37 S. E. Rep. 583.
where the meaning of the words of a written contract are clear, parol evidence is inadmissible to show that the parties intended something else. Holston Salt, etc., Co. v. Campbell, 89 Va. 396, 16 S. E. Rep. 274.
Power of Attorney. — Thus, where powers of attorney to execute a bond in the grantors’ names as sureties for a person as county treasurer, are in no way ambiguous, parol evidence is not admissible to limit the power to the bond required of such person elected by vote, and to execute the bond required by him when, having failed to qualify in time after his election, he is appointed by the county judge to fill the vacancy. Redd v. Com., 85 Va. 648, 8 S. E. Rep. ■490. See Calwells v. Sheilds, 2 Rob. 305.
Limitation of Rule. — On the other hand, while prior or contemporaneous declarations of parties contracting cannot be received to interpret an unambiguous written contract, yet evidence that certain alterations from the first draft of the contract were made by the parties before its execution is admissible to show the real Intentions. Pancake v. George Campbell Co., 44 W. Va. 82, 38 S. E. Rep. 719.
(3) Verbal Declarations of Parties. — If a written contract Is ambiguous on its face, the courts will look at the surrounding circumstances existing when the contract was made, at the situation of the parties and the subject-matter of the contract, and will even call in aid the acts done by the parties under it as affording a clue to the intention of the parties; but the court never resorts in such a case to the verbal declarations of the parties either before, at the time of, or after the execution of the contract, to aid in giving a construction to its language. Crislip v. Cain, 19 W. Va, 441; Hans-ford v. Coal Co., 22 W. Va. 71; Titchenell v. Jackson, 26 W. Va. 460; Gapertonv. Caperton, 86 W. Va. 479, 15 S. E. Rep. 258; Soraggs v. Hill, 37 W. Va. 706,17 S. E. Rep. 185; Knowlton v. Campbell, 48 W. Va. 294, 37 S. E. Rep. 581; Long v. Perine, 41W. Va. 314, 23 S. B. Rep. 611. _
A court can consider no sort of parol evidence, such as the declaration of the parties before, at the time of, or after the execution of a contract in writing; nor can the court call in aid any kind of parol testimony to alter, explain, or modify a written contract, if it is free from ambiguity on its face. Martin v. Monongahela R. Co., 48 W. Va. 542, 37 S. E. Rep. 563.
b. Latent Ambiguity. — But where there is a latent ambiguity in a written instrument, it may be explained by parol testimony; or, where the terms used in the instrument have not a definite legal signification, the custom, of the trade, or the acts of the parties, may be resorted to, for the construction of them. Bowyer v. Martin, 6 Rand. 525; Hubble v. Cole, 85 Va. 87,7 S. E. Rep. 242; Midlothian Coal Min. Co. v. Finney, 18 Gratt. 304.
Marriage Articles. — Parol evidence dehors marriage articles, to explain or vary their meaning, ought not to be resorted to, unless there be some latent ambiguity which is otherwise impossible to be solved or explained, or unless something agreed on by the parties at the time has been omitted through fraud or accident Tabb v. Archer, 3 Hen. & M. 400; Flemings v. Willis, 2 Call 5.
2. Evidence oePuepose and intention.
a. Merger of Simple Contract — If the higher security does not show on its face that it was given for the same debt as the simple contract, and the party relying upon the merger or extinguishment of the simple contract is compelled to resort to evidence other than the higher security, in order to show the purpose for which it was executed and accepted, then the party claiming that it was given as collateral security, and not in satisfaction of the simple contract, should have the right to introduce parol evidence also to sustain his contention. This violates no rule of law, but is only an explanation of the purpose for which the higher security was given. Witz v. Fite, 91 Va. 446, 22 S. E. Rep. 171.
b. Advancements. — After the death of the father, on the distribution of his estate, parol testimony is admissible to explain the attending circumstances of the conveyance, and that it was intended either in whole or in part, as an advancement. McClana-han v. McOlanahan, 36 W. Va. 34, 14 S. E. Rep. 419.
Where a grantor, in his lifetime, conveyed land, to his daughter’s husband by deed, reciting a valuable consideration, parol evidence was held admissible to show that the real nature and character of the consideration and the design of the grantor, were to create an advancement for the daughter. Bruce V. Slemp, 82 Va. 352, 4 S. E. Rep. 692.
c. Medium of Payment — Confederate Motes. — Parol evidence is admissible to show whether or not the parties to a contract made during the civil war, payable “in current funds," intended Confederate currency as the medium of payment. Meredith v. Salmon, 21 Gratt. 762; Calbreath v. Porcelain, etc., Co., 22 Gratt. 697; Sexton v. windell, 23 Gratt. 534; Stearns v. Mason, 24 Gratt. 484; Hilb v. Peyton, 21 Gratt. 386.
3. evidence to Show Relation oe parties.
a. Principal and Agent. — Parol evidence is admissible to prove that an instrument, signed in the name of the agent, was intended to be and was in fact the *765 instrument of the principal, when that factisdoubtful on its face. Early v. Wilkinson, 9 Gratt. 68; Richmond, etc., R. Co. v. Snead, 19 Gratt. 854, 100 Am. Dec. 670; Walker v. Christian. 21 Gratt. 291. Compare Ruckman v. Lightner, 21 Gratt. 19.
Where a contract, not under seal, is made by an agent in his own name, for an undisclosed principal, either the ag’ent or the principal may sue upon it, and parol evidence is admissible to enable the principal to show that he is the real contracting party. Deitz v. Ins. Co., 81 W. Va. 851, 8 S. E. Rep. 617,18 Am. St. Rep. 909; Coulter v. Blatchley, 51 W. Va. 163, 41 S. E. Rep. 133.
b. Relation of Surety and Cosurety. — The relation of surety and cosurety between parties may be established by parol evidence, where the existence of such relation is not inconsistent with the terms of the instrument. Williams v. Macatee, 86 Va. 681, 10 S. E. Rep. 1061.
And one or more of a number of obligors has a right to show, by parol testimony, that he or they stand in the relation of surety on the bond. Creig v. Hedrick, 5 W. Va. 140.
g. Relation of Creditor and Debtor. — The relation of creditor and debtor may always be proved by parol. Davis v. Demming, 12 W. Va. 247.
d. Makers and Endorsers. — A written obligation, after payment thereof, does not preclude the makers and endorsers from proving- by parol evidence a contemporaneous oral agreement as an inducement thereto; fixing their ultimate liabilities among themselves in accord with the true consideration and purpose of entering into such obligation. Faulkner v. Thomas. 48 W. Va. 148, 35 S. E. Rep. 915.
4. evidence of Custom and Usage. — Parol evidence of custom and usage is always admissible to discover the real meaning of the parties, but not to contradict or vary express stipulations. Hubble v. Cole, 85 Va. 87, 7S. E. Rep. 242. See also, Gross v. Criss, 8 Gratt. 262; Sterling Organ Co. v. House, 25 IV. Va. 65.
Brick Laying. — For example, where a written contract for laying bricks is silent as to the manner in which the number of bricks is to be ascertained, parol evidence is admissible to show the custom by which such a matter is determined. Richlands Flint Glass Co. v. Biltebeitel. 92 Va. 91, 22 S. E. Rep. 806.
Way-Going Crops. — But parol evidence of a usage for the off-going tenant to have the way-going crop is not admissible to explain a written contract of lease for a fixed and certain period. Harris v. Carson, 7 Deigh 632.
„ 5. Evidence to Show Construction by parties. —In the absence of any ambiguity in a written contract, parol evidence is not admissible to show the construction placed upon it by the parties thereto. Grubb v. Uurford. 98 Va. 553, 37 S. E. Rep. 4. See Uhl v. Ohio River R. Co., 51 W. Va. 106, 41 S. E. Rep. 340.
E. ADMISSIBILITY OF PAROL EVIDENCE IN OTHER INSTANCES.
1. Matters Litigated in Former Suit. — Whenever a question is raised as to what matters were litigated and decided in the first suit, parol evidence is admissible to explain what transpired on the former trial. Kelly v. Board of Public Works, 25 Gratt. 755.
2. Reservations.
Growing Crop on Land. — The reservation of a growing crop of wheat on land sold at auction, need not be in writing, but may be proven by parol evidence. Kerr v. Hill. 27 W. Va. 577; Robinson v. Pitzer, 3 W. Va. 335.
Ccal. — Where a vendor in a contract for the sale of land merely reserves all the coal and coal privileges therein, parol evidence is not admissible to show, that when the parties made the contract, the vendor owned coterminous lands, which would be much depreciated in value, unless the coats on them could be removed through this tract, and the vendee, when he purchased, knew this. Findley v. Armstrong, 23 W. Va. 113.
■ 3. Certificate of Acknowledgment of Married Woman. -Parol evidence is inadmissible to supply a defect in the certificate of acknowledgment of a deed by a married woman. First Nat. Bank v. Paul, 75 Va. 594, 40 Am. Rep. 740; Leftwich v. Neal, 7 W. Va. 569; Rollins v. Menager, 23 W. Va. 462.
4. Location of Survey. — Evidence aliunde is admissible in all cases where there is a doubt as to the true location of a survey, or a question as to the application of a granttoits proper subject-matter. Reusens v. Lawson, 91 Va. 226, 21 S. E. Rep. 347.
XIV. DOCUMENTARY EVIDENCE.
A. PUBLIC DOCUMENTS.
1. Books.
Municipal Corporation Books. — The corporation books concerning the government of a city, town or village, when they have been publicly kept, and the entries have been made by a proper officer, as well as duly authenticated copies therefrom, are admissible evidence of the facts witnessed in them. Town of Parsons v. Miller, 46 W. Va. 334, 32 S. E. Rep. 1017. See Grafton v. Reed, 34 W. Va. 172, 12 S. E. Rep. 767.
Treasury Books. — And the treasury books are conclusive evidence of the balances on hand at any given time, both against the treasurer and his. sureties, without being pleaded as an estoppel. Baker v. Preston. Gilm. 235.
Execution Book. — So. the execution book kept by the clerk is prima facie evidence of the truth of the entries made in it. Taylor v. Dundass, 1 Wash. 92.
Warrant Book of Sinking Fund. — Tt has been held that the warrant book of the sinking fund, kept by the second auditor in his office, of the transactions of the commissioner of the sinking fund of the state, is a public record, and is of itself evidence of what it contains, to be considered with the other evidence in the case. Coleman v. Com., 25 Gratt. 865.
Land-Books —But neither land-books themselves, nor parol evidence of their contents, are admissible to show the meaning of the parties other than that plainly expressed in their written contract. Holston Salt, etc., Co. v. Campbell, 89 Va. 396, 16 S. E. Rep. 274.
a. Rooks of Private Corporation. — The books of a corporation are proper evidence to prove its existence, and the regularity of its proceedings. Grays v. Turnpike Co., 4 Rand. 578.
And. they ar e prima facie evidence of who are or have been its stockholders. Vanderwerken v. Glenn, 85 Va. 9, 6 S. E. Rep. 806; Lewis v. Glenn. 84 Va. 947, 6 S. E. Rep. 866; Pittsburgh, etc., R. Li. Co. v. Apple-gate, 21W. Va. 172; South Branch R. Co. v. Long, 43 W-Va. 131, 27 S. E. Rep. 297. See Stuart v. Valley R. R-Co., 32 Gratt. 146. See monographic note on “Corporations (Private)” appended to Slaughter v. Com., 13 Gratt. 767.
2. Certificates of Public Officers.
Of Recorder. — The certificate of a recorder of an incorporated town, stating facts which appear upon the records of the common council of the town, and not certifying copies from such records, is not admissible as evidence. Roe v. Town of Philippi. 45 W. Va. 785, 32 S. E. Rep. 224.
Of Auditor. — But a certificate by the auditor of the state, of land forfeited for nonpayment of taxes, being in the usual form in which he certifies papers . *766 from his office, is evidence of the execution of such certificate, and of the official character of the paper, and also of the facts therein stated. Usher v. Pride, 15 Gratt 190.
Of Magistrate of Another State. — And the certificates of magistrates of other states, has "been sufficient evidence of the execution of a deed hy a feme covert, since the act of 1814; hut until the act of 1819, the certificates of such magistrates were not evidence of the execution of deeds by other persons them feme coverts. Sexton v. Pickering, 3 Rand. 468.
Of Clerk of Court. — So also, the certificate of the clerk of the circuit court of Monroe county, West Virginia, of the records of which court the records of the former county court of Monroe form a part, of the copy of a judgment rendered in the county court, is proper evidence of the judgment. Gate-wood v. Goode, S3 Gratt. 881.
Of Notary Public. — A certificate of a notary public, that a release was acknowledged by a party to be his act and deed, ought to be received in evidence; but the depositions of the notary public, or some equivalent testimony, ought to be produced to the court. Kidd v. Alexander, 1 Rand. 456.
Of Postmaster General. — See Wilkinson v. Jett, 7 Leigh 115.
3. Laws and Statutes. — See infra< this note, “Best and Secondary Evidence” and “Judicial Notice.”
B. PRIVATE IJOCUMENTS.
1. Letters — Letters which have a tendency to prove the facts in issue are generally admissible as evidence. Por example, in actions for slander they have been admitted to prove the circulation of the report, in divorce cases to show the intention of the defendant to desert his wife, and in actions for breach of promise of marriage to prove the contract. In actions for seduction, too, the defendant’s letters to the plaintiff’s daughter relative to the charge, have been admitted. Schwartz v. Thomas, 2 Wash. 167, 1 Am. Dec. 479 (slander); Bailey v. Bailey, 21 Gratt. 43 ‘(divorce): Burke v. Shaver, 92 Va. 345, 23 S. E. Rep. 749; Tefft v. Marsh, 1 W. Va. 38 (breach of promise of marriage); Pry v. Leslie, 87 Va. 269,12 S. E. Rep. 671 (seduction). See Cluverius v. Com., 81 Va. 787.
Ejectment. — And in ejectment between co-tenants, where the defendants rely .upon adversary possession, and acquiescence by the plaintiff, letters by a party under whom the defendants claim, and also a correspondence between one of the plaintiffs and the agent of the'defendant, are competent evidence to show for what purpose the tenant in possession had claimed the property and the plaintiffs acquiesced in their claim. Stonestreet v. Doyle, 75 Va. 356.
In Downer v. Morrison, 2 Gratt. 250, a letter written by the plaintiffs to the defendants, and received by them, being in answer to one by the defendant to the plaintiffs, which had been read as evidence in the'cause, having been filed by the defendants, and read by them on a former trial, was held, under the circumstances, to be competent evidence for the plaintiffs.
Entire Correspondence Must Be Submitted. — But the rule is well settled that when letters are laid before a jury, the parties affected by them have a right to the entire correspondence, that the true meaning and extent of what is written may be fully under-stoodi Stonestreet v. Doyle, 75 Va. 356, 375.
For example, the plaintiff cannot, against the objection of the defendant, read in evidence to the jury a copy of a letter written by him to the defendant, purporting on its face to be in reply to a letter written by the defendant ’ to the plaintiff, without offering to read also the letter to which it was a reply. He cannot leave it to the defendant to call for and put in the letter to the plaintiff. Heather-ington v. Richter, 31 W. Va. 858, 8 S. E. Rep. 609.
Postmark. — The postmark of a letter is not of itself evidence of the time it was deposited in the office, but it is prima facie evidence that it was mailed on the day stated therein. Early v. Preston, 1 Pat. & H. 228.
2. Maps and Surveys.
Ex Parte Maps. — An ex parte map or diagram, made by a witness, and shown by him to be correct, may be given in evidence for the consideration of the jury, not as independent evidence, but tobe considered by them in connection with other evidence, so as to enable them to understand and apply it. State v. Harr, 38 W. Va. 58, 17 S. E. Rep. 794; Poling v. Ohio River R. Co., 38 W. Va. 645, 18 S. E. Rep. 782; Hoge v. Ohio River R. Co., 35 W. Va. 562, 14 S. E. Rep. 152; King v. Jordan, 46 W. Va. 106, 32 S. E. Rep. 1022. See Taylor v. Com., 29 Gratt. 780; Harrison v. Middleton. 11 Gratt. 527.
But, generally, ex parte maps are not of themselves admissible, and can only be used to go with and explain the testimony of the particular witness. Opinion of Holt, J. Hoge v. Ohio River Co., 35 W. Va. 562, 14 S. E. Rep. 152.
flap of City. — A map of a city, though made by a former city surveyor, and found in the office of the register of the city, in a book labeled “Plans and Charts,” not appearing to have been made by the authority of the city government, or adopted by it, is not competent evidence for the commonwealth, in a prosecution fot obstructing what is claimed to be a street of the city. Harris v. Com., 20 Gratt. 833.
flaps of Surveys. — But the plan or map of the survey and location of a turnpike road with the certificates thereon by the surveyor, returned to the clerk’s office and recorded in pursuance of the statute, is evidence of the line of the road as located, in an action by the owner of the land against a contractor for entering thereon, and injuring the land. Callison v. Hedrick, 15 Gratt. 244.
And streams mentioned in an old survey, no longer capable of being located by the names given, may be identified from maps of contemporaneous surveys. Kain v. Young, 41 W. Va. 618, 24 S. E. Rep. 554.
Diagram. — Where a surveyor has made a survey from a diagram handed him by the plaintiff, which he has in court, the diagram is itself evidence, and he may point out on it what lines he ran. Harrison v. Middleton, 11 Gratt. 527.
Survey. — A private survey may be admitted as evidence of boundary between those who were parties to it, or who claim under them; but not as to strangers. Lee v. Tapscott, 2 Wash. 276. See Johnson v. Brown, 3 Call 259.
But surveys made many years after another survey, and by a different surveyor, are not competent evidence as to the boundaries of the previous survey. Clements v. Kyles, 13 Gratt. 468.
Surveyor’s .Report. — Where, in an action to try the title to land, an order is made directing the surveyor to go upon it, and make a survey and report, which he does, but before the cause comes on for trial, the surveyor dies, his report is competent evidence. Cline v. Catron, 22 Gratt. 378.
Field Notes of Surveyor. — But an extract or copy taken by a surveyor from his field notes, is not evidence, and he can use it only to refresh his memory, and must then speak from his recollection. Harrison v. Middleton, 11 Gratt. 527. See Richardson v. Carey, 2 Rand. 87.
3. Books oe Account. — A book of accounts in the handwriting of and kept W a clerk, since deceased, is proper evidence upon those facts bein£ proved. *767 Lewis v. Norton, 1 Wash. 76. See Brown v. Brown, 2 Wash. 151.
On the (question whether goods were sold by the plaintiif to the defendants, or to a third person, the original entries on the plaintiff's boohs charging them to the defendants, are admissible evidence for the plaintiffs. Downer v. Morrison, 2 G-ratt. 250; .Richmond, etc.. R. Co. v. New York, etc., R. Co., 05 Va. 386, 28 S. 13. Rep. 573. See foot-note to Griifin v. Macaulay. 7 Graft 176.
An entry on the boohs of the party, made by his olerk, "who is not then to be found, together with the oath of the party as to the quantity of the article charged, though admissible as evidence in the case oí a sale and delivery of goods, is not proper to charge the other party with those articles, delivered to the master of the vessel for safe keeping. Kerr v. Love, 1 Wash. 172.
Ledger. — Where the defense is that credit was extended to another than the defendant, the ledger of the plaintiff is admissible to show that the account sued oil was charged to the defendant at the time the goods were delivered. Richmond, etc., R. Co. v. New York, etc.. R. Co., 95 Va. 386, 28 S. E. Rep. 573. See Clark v. Sleet, 99 Va. 381, 38 S. E. Rep. 183 (ledger and cash book of merchant).
Self-Serving Declarations. — But a book containing entries in the defendant’s handwriting, of pajTments by him to the payee in her lifetime, on a note in action, is not admissible evidence in defendant’s favor. Wells v. Ayers, 81 Va. 311, 5 S. E. Rep. 21. See Rowan v. Ohenoweth, 49 W. Va. 287, 38 S. E. Rep. 544, 87 Am. St. Rep. 796.
Goods Delivered to Third Person. — The book oi accounts and oath of the party, are in no case admissible to charge a person with goods delivered, by Jorder, to a third person, unless the order be otherwise proved. Kerr v. Love, 1 Wash. 172.
Requisites to Admission in General. — A book of original entry, in which an entry is made in the usual course of business, at the time of the transaction, of matters within the personal knowledge of the bookkeeper, may be used as evidence on the trial of a suit, if the bookkeeper be dead at the time of the trial or a nonresident of the state, or if he be unable to be produced as a witness because of any other reason, as for instance, insanity. But if the bookkeeper be living and the court is able to enforce his attendance, the book cannot be used as evidence, unless his testimony as a witness also accompanies its production. Vinal v. Gilman, 21 W. Va. 301,45 Am. Rep. 562. See Harrison v. Garnett, 97 Va. 697,
34 S E. Rep. 612; Bennett v. Bennett, 37 W. Va. 396, 16 S. E. Rep. 638, 38 Am. St. Rep. 47.
Tiutilated Memorandum Book. — A memorandum book, which has been mutilated by tearing out and burning some of the entries concerning the action after action commenced, is not admissible in evidence. Johnson v. Fry, 88 Va. 695, 12 S. E. Rep. 973, 14 S. E. Rep. 183.
Unauthorized Entries. — in an action on a contract of sale, an entry on the books of the broker, who acted as agent only for the seller, of a charge against the seller for commission he thought he had earned, is not admissible in evidence as a memorandum of sale binding on the buyer. Carpenter v. Virginia-Carolina Chemical Co., 98 Va. 177, 35 S. E. Rep. 358.
An account given out by a merchant's clerk without his authority is not evidence. Freeland v. Field, 6 Call 12.
Time When Entries Must Be Made. — The entries in a book made by a party since deceased, are not admissible in his favor, where such entries were not made in due course of business, as the business was carried on, and thus forming a part of the res gestee, but were made several years after the business was closed. Rowan v. Chenoweth, 49 W. Va. 287, 38 S. E. Rep. 544, 87 Am. St. Rep. 796.
Whole Book Must Be Given in Evidence. — When a party calls for the production of and uses a writing or account of his adversary, the whole writing, the whole account, debits and credits, is thus made evidence in the case. It cannot be garbled: one side or showing of it merely cannot be used for hurt of one party to the benefit of another. Rowan v. Chenoweth, 49 W. Va. 287, 38 S. E. Rep. 544, 87 Am. St. Rep. 796, citing 1 Greenl. Ev. § 563; Whart. Ev. §§ 620, 1103; Jones v. Jones, 4 Hen. & M. 447; Freeland v. Cocke. 3 Muni. 352.
The books of account of a party ought to be taken altogether; therefore, credits ought not to be collected from them to charge him, without admitting the debits charged therein. Waggoner v. Gray, 2 Hen. &M. 603.
Weight as Evidence.
Books of Original Entries Prima Facie Evidence Only.
—Books of original entries of sales made by a clerk at the time of the sale, and returned by an officer as a record of the amount of the sale, are only prima facie evidence of the fact, and may be overcome by satisfactory evidence that it was a false account and does not give the true amount for which the property was sold. Harrison v. Garnett, 97 Va. 697, 34 S. E. Rep. 612.
Hental Condition of Bookkeeper. — Thus, if a plaintiff ireiies on the books of his intestate to prove the items of a store account against the defendant, the latter may show that the mental condition of the bookkeeper was such during the period the account was running, thathe was incapable of keeping them correctly. Clark v. Sleet, 99 Va. 381, 38 S. E. Rep. 183.
Question for Commissioner. — The weight and sufficiency of books of account as evidence is peculiarly a question of fact for the commissioner, and his finding with regard thereto will not be disturbed unless manifestly erroneous. Dewing v. Hutton, 48 W. Va. 576. 37 S. E. Rep. 670. citing 9 Am. & Eng. Eqc. Daw (2d Ed.) 934, 935.
Secondary Evidence.— If objected to, the court ought not, ordinarily, to permit a plaintiff to prove that he charged the account sued on to the defendants, and not to one of them only, on his original book of entries. This should be proved by the production of these original books of entry, unless it be shown that they had been destroyed, or, for some other suiiicientreason, could not be produced. Hall V. Lyons. 29 W. Va. 410, 1 S. E. Rep. 582.
4. Partnership Books. — The books of a partnership are competent evidence to show what are debts of the partnership as against the partner who, upon the dissolution of the partnership, has purchased the assets of the partnership, and has undertaken to pay its debts. Shackelford v. Shackelford, 32Gratt. 481. See Kyle v. Kyle, 1 Graft. 526. See generally, monographic note on “Partnership” appended to Scott v. Trent, 1 Wash. 77.
5. Book of bank Teller. — But the book of a teller in a bank is not per se evidence to establish the facts appearing in that book, but may be given in evidence in connection with the evidence of the teller himself, if the teller's evidence makes it proper to refer to it, to prove that a particular entry was made. Courtney v. Com., 5 Rand. 666.
6. Compelling Production oh Documents. — The court ought not to compel the production of a document by the plaintiif. which is a part only of his evidence and is not material evidence for the defense. Abrahams v. Swann, 18 W. Va. 275.
Subpoena Duces Tecum. — in an action in which a municipal corporation is plaintiff, a subpoena duces *768 tecum may Re awarded for the production of a document in the possession of the defendant on the affidavit of members of the city council haying-peculiar means of knowing the importance of such document as evidence for the plaintiff, wheeling v. Black, 25 W. Va. 267. See Moats v. Rymer, 18 W. Va. 643, 41 Am. Rep. 703, and W. Va. Code, ch. 130, § 43; Va. Code 1887, §§ 3353, 3355.
XV. PROVINCE OP JUDGE AND JURY.
A. PROVINCE OP JUDGE.
1. Admissibility or Evidence. — It is the province of the court to decide on the admissibility of testimony. Bogle v. Sullivant, 1 Call 561 ; Vass v. Com., 3 Leigh 786 ; Hill v. Com., 2 Gratt. 594 ; Bull v. Com., 14 Gratt. 613.
B. PROVINCE OP JURY.
1. Weight or Evidence. — But the jury are the sole judges of the weight or sufficiency of evidence. Ross v. Gill, 1 Wash. 87; Bogle v. Sullivant, 1 Call 561; Keel v. Herbert, 1 Wash. 203 ; Whitacre v. M’llhaney, 4 Munf. 310; State v. Greer, 22 W. Va. 800 ; Kerry. Lunsford, 31 W. Va. 659, 8 S. E. Rep. 493; Pisher v. Duncan, 1 Hen. & M. 563, 3 Am. Dec. 605; Vass v. Com., 3 Leigh 786; M’Kinley v. Ensell, 2 Gratt. 333; Coleman v. Com., 25 Gratt. 865 ; Underwood v. McVeigh, 23 Gratt. 409. Compare State v. Perry, 41 W. Va. 641, 24 S. E. Rep. 635. See mono-graphic note on “Juries” appended to Ohahoon v.Com., 20 Gratt. 733.
“It is elementary, and is firmly settled in Virginia, that the court responds to questions'of law, and the jury to questions of fact. The court must decide on the admissibility of evidence, that being a question of law; but not as to its weight after it is admitted, that being a question of fact. ” Tyler v. Chesapeake, etc., R. Co., 88 Va. 389, 18 S. E. Rep. 975.
Por example, it has frequently been held that an instruction to the jury that, from the whole evidence before them the issue is not pjroved, is erroneous, as an instruction on the weight of the evidence. Pisher v. Duncan. lHen. &M. 564; Moore v.. Chapman, 3 Hen. &M. 260; M’Rae v. Scott, 4Rand. 463; Cornett v. Rhudy, 80 Va. 710.
In trials at law, where the evidence exhibited is legally admissible, but contradictory, it is most proper to be left to the consideration of the jury. Shanks v. Penwick, 2 Munf. 478.
Questions of Law. — In criminal cases the jury are not judges of the law. Brown v. Com., 86 Va. 466,10 S. E. Rep. 745.
Directing Verdict. — But when the evidence given at a trial, with all the inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, the court may direct a verdict for the defendant. Woolwine v. Chesapeake, etc., R. Co., 35 W. Va. 329,15 S. E. Rep. 81. See Knight v. Cooper, 36 W. Va. 232,14 S. E. Rep. 999.